GEORGE WILLIAMS *v.* ELIZABETH R. WILLIAMS.

**Husband and Wife—Divorce—Transfer of Property.**

Upon a separation, the husband contracted in writing and "set aside for said wife" certain lands, providing that in case she should secure a divorce, he would "convey to the trustee for her use" the said lands: Held that upon the divorce of the wife, no further deed was necessary.

**Same.**

The fact that the husband secured the divorce, in which the wife was only constructively summoned would not alter the terms of the contract.

**Same—Words and Phrases.**

The use of the words "for her use," though ordinarily conveying a life estate, upon the contingency happening, would entitle her to a conveyance in fee, that which she would have been entitled to had she entered suit at first.

**Deeds—Terms—Husband and Wife.**

A deed, providing to "set aside for the said," etc., by a husband, who afterwards sues for a divorce, and in the decree for which is provided "all the property not disposed of at the commencement of the action which remained in kind etc., should be restored to such party," is held not to be embraced therein, as it does not come in with the "undisposed of" property.

**Same.**

Unless such a deed had been made a part of the record in the divorcing court a decree rendered therein would not affect it.

**Voluntary Conveyance by Husband to Wife.**

A voluntary deed, made by a husband to his wife upon an agreed separation, where the wife neither sues him for nor appeals to him for a support, is held to be a sufficient consideration, as it will bar her from any other claim on him.

APPEAL FROM HOPKINS CIRCUIT COURT.

November 27, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

These parties, being husband and wife, separated in January,

1865, when the wife went to live with her brother at Evansville, Indiana, from her previous residence with her husband in Louisville, Kentucky.

February 25th thereafter, the husband made a deed to Wilson, as trustee for her, by which he transferred to Wilson for her use all the debts then due him in Hopkins county in this State after paying what he owed; also for her use his undivided interest in ten acres of land and the distillery thereon.

His farm of 125 acres in said Hopkins county he *"set aside"* for said Elizabeth R.;" the intention of this instrument is to set aside for the support of the said Elizabeth R. Williams, and to lodge in the hands of said Wilson the above described property, for that purpose. He then adds this further covenant: I bind myself, should a legal divorce be obtained by the said Elizabeth R. from me, that I will convey to him to her use and interest for her the above described 125 acres.

Immediately after the expiration of a year from their separation he filed a petition for a divorce in the Louisville chancery court upon the sole ground of her abandonment without cause for a year, and had constructive service of process on her only. The separation and her leaving the city was proved by several witnesses, but for what cause they were neither interrogated nor answered.

The court adjudged a divorce to the husband and all the property not disposed of at the commencement of the action which remained in kind which either party may have obtained from or through the other during marriage should be restored to such party.

More than a year after this divorce, Wilson, the trustee, having died, and no further deed being made by the divorced husband, she sued in chancery in the Hopkins circuit court for said deed which he recited by answer, but which the court adjudged and from which he has appealed.

This deed inherently testifies that the husband felt that blame for the domestic difficulties and separation alluded to him, for which, in a suit for alimony, he could be made to respond. The evidence, the divorce suit and manner of obtaining the divorce also attests the same thing; the provision of the deed executed to Wilson was only voluntarily doing, what, it is presumed, the wife could have compelled him to do.

She has made no complaint in any court of his conduct, but silently been content to receive provisions he made for her.

There may be great · doubts, when all this deed is construed together, whether any further conveyance was legally necesasry for he by deed *set aside* and *lodged in the hands* of Wilson this farm *for the support of said Elizabeth,* and if this should be construed as giving to her a life estate only, it was doubtless the intention of the further covenant to convey in fee simple to her trustee whenever she ceased to be his legal wife.

Whether the husband or wife shall be actor in obtaining the divorce the law divorces the other in one year from the decree so obtained, so that both parties are then divorced, act of March 10, 1854, 2 Stant. Revised Statutes, 29.

Therefore, whether the letter or spirit and true intent of this deed be regarded the wife had obtained a legal divorce when she brought this suit; true, this was through the action of the husband but none the less obligatory on him for that reason.

This court in the case of *Loud vs. Loud, 4 Bush, 425,* on a lengthy review of the authorities, upheld a deed of separation and relinquishment of dower and distribution signed by husband, wife and her trustee, the principles of that case justify the judgment herein. It is true here the wife did not sign the deed, yet the husband has obtained the consideration, for she has neither sued him nor appealed to him for support, and now when *discovert* and free from disability she seeks a specific enforcement of the husband's deed which will bar her from any claim on him.

This deed was not in the divorce suit nor a part of it, therefore, the judgment therein does not refer to or operate on it, but if it did, that judgment by its terms only related to such property as was undisposed of which either had at the time when suit was commenced; it does not appear whether the husband had this farm when he married or had afterwards acquired it, and if it did he had by said deed disposed of it.

It could hardly be presumed that a husband would secure to an erring wife property and then provide in the same deed that he would convey more when she obtained a legal divorce, especially when he makes no attempt in his divorce case to sustain her essential allegation that she abandoned him without cause. We have but expounded the law without any reflection whatever upon court, counsel or party.

Judgment *affirmed.*

*Pirtle, Caruth,* for appellant.

*Drane,* for appellee.