CASE 69—EQUITY—SEPTEMBER 19, 1882.

# Hulett v. Hulett.

### APPEAL FROM LAWRENCE CIRCUIT. COURT.

1. Where the husband treats the wife with cruelty, and compels her to leave him, she has a right to an independent action against him for alimony without regard to a divorce. She is not bound to connect the one with the other.

2. The provision of the Code in regard to residence does not apply to suits for alimony.

W. M. FULKERSON FOR APPELLANT.

1. There is no prescribed bar or limit to an action for alimony. The wife is not required by the Civil Code to reside one year in the county where the suit is brought in order to obtain alimony.

2. Neither time nor residence is any ingredient in the case. (Civil Code, secs. 420, 424, subsecs. 1, 2, and 3.)

3. The court erred in refusing the amendment offered charging adultery. (Honore v. Colmesnil, 1 J. J. Mar., 508; Code of Practice, chap. 8, secs. 134, 135, 136; Kavanaugh v. Thacker, 2 Dana, 137; 4 *Ib.*, 25; Butler v. Butler, 4 Litt., 201; Logan v. Logan, 2 B. Mon., 148; 7 *Ib.*, 428; Gen. Stat., chap. 26, sec. 28; 18 B. Mon., 517; 2 Met., 414; Code of Prac., sec. 37, subsec. 2.)

A. DUVALL FOR APPELLEE.

1, At the time of the institution of her suit the appellant had not been a continuous resident of the state for twelve months, as required by the statute.

2. The statute embraces suits for divorce from bed and board.

3. The testimony was insufficient to authorize a judgment for alimony.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This action was instituted by the appellant and her *prochein amy* against her husband for a divorce *a mensa et thoro* and for alimony.

During the progress of the trial an amended petition was offered asking a divorce *a vinculo matrimonii*. The offer to file the amendment was refused, and the entire action dismissed on the ground that, at the time of its institution,

and from appellant's own admission, she had not been a. continuous resident of the state for twelve months.

The statute provides "that no such action shall be brought by one who has not been a continuous resident of this state for a year next before its institution."

It is urged that this does not apply to an action for a. divorce from bed and board, and that in such an action the question as to residence has no application. The effect of a judgment of divorce *a mensa et thoro* is to deprive the husband of all control of the wife, and, as to property thereafter acquired, operates upon the personal rights of the parties as a divorce *a vinculo matrimonii*, except that it does. not bar existing dower or distributive right. (General Statutes, page 326.)

The chapter authorizing a divorce makes no distinction as to the character of divorce granted, and while the reason for requiring the residence in the one case may be stronger than in the other, when the effect of the judgment is to determine the right of property, and to recognize the separation for the time being as right and proper, placing the wife beyond the husband's control, we are not disposed by judicial construction to adjudge that the statute in regard to residence was intended to apply only to cases where the separation is made final by the judgment. It is again urged, that while the action may have been prematurely brought, it is also an action for alimony, and the facts showing a. separation resulting from the fault of the husband, the chancellor had the power to require the payment of such a sum or sums of money as was necessary for the support of the wife. If the claim for alimony is not incidental merely to an action for a divorce, but can be presented as an inde-

pendent action, then the chancellor erred in dismissing the petition.

The Code of Practice, chapter 2, section 420, provides that "an action for *alimony or divorce* shall be in equity;" and in section 423, the plaintiff to *obtain a divorce* must allege and prove, in addition to a legal cause of divorce, "a residence in this state for one year next before the commencement of the action," recognizing, as we think, the right to claim alimony in an independent action, and applying the provision of the Code as to residence alone to an action for a divorce.

The marital obligation of the husband imposes upon him the duty of supporting and maintaining the wife, and in a case where the husband has abandoned the wife, or where his treatment of her is such as to compel her to flee to the parental roof, why, as was said by this court in the case of Butler vs. Butler, should the chancellor acknowledge the right and withhold a remedy? Many authorities can be adduced denying the chancellor's jurisdiction in such a case; but this court, in the case *supra*, after reviewing those authorities, said:

"The chancellor, before the statute and since, in cases not embraced by it, which have strong moral claims, had and has jurisdiction to decree alimony, leaving the matrimonial chain untouched, and those authorities deciding in favor of the jurisdiction should prevail." (Butler v. Butler, 4 Littell, 206.)

In the case of Lockridge v. Lockridge, 3 Dana, 29, the same question was again decided, and an independent action for alimony sustained.

When the facts of the case show that a separation was proper by reason of the cruel treatment of the husband, the

Hulett v. Hulett.

chancellor has the power to require him to support the wife during the coverture, or until a reconciliation takes place. An allowance just and reasonable should be made out of the annual profits or income of the husband's estate for that purpose, and the power to have it secured to the wife exists also with the chancellor. In reviewing this case, however, we do not direct the allowance of alimony, as the case was prematurely heard and disposed of on the question of jurisdiction before the entire testimony was taken. We have, nevertheless, been controlled in the decision of this case by the facts developed; and in the absence of any other testimony, the chancellor erred in dismissing the complaint for the reasons already stated.

It is argued that, after the filing of the original petition, the amendment should have been allowed to be filed asking for a divorce *a vinculo matrimonii* upon additional grounds than those stated in the original action. The amendment was properly refused if the residence of the wife can be regarded as in Kentucky, a question we do not decide. She had not been a resident for one year next preceding the institution of the action, and the action for a divorce must necessarily be dismissed.

Judgment reversed, and cause remanded, for the reasons indicated in the opinion, for further proceedings.