CASE 61—PETITION EQUITY—JANUARY 15.

# Steele v. Steele.

### APPEAL FROM LAUREL CIRCUIT COURT.

1. DIVORCE AND ALIMONY.—Where the husband has abandoned the wife, although the abandonment may not have continued for one year, the length of time required to entitle her to a divorce for that specific cause, she may maintain an independent action for alimony.

2. SAME —The husband's right to a divorce upon the ground of the wife's lewdness is taken away by cohabitation after knowledge of the lewdness complained of. And where prior to the marriage the wife had been lewd and unchaste with the husband, the subsequent cohabitation with knowledge of that fact must be regarded as taking away the husband's right to a divorce upon the ground of the wife's lewdness prior to the marriage, whatever may have been her previous conduct or relation to other men.

3. SAME.—Concealment by the wife at the time of the marriage of previous acts of lewdness can not be treated as fraud of that character entitling the husband to a divorce, as he had knowledge that there were reports affecting her character for chastity, and was not only free to investigate them, but was told by her father not to marry her if they turned out to be true. Besides, if the wife was so lewd as the husband's witnesses in this case testify, it is incredible he could have been ignorant of the fact.

W. L. BROWN AND WM. H. HOLT FOR APPELLANT.

1. The allowance should have been based upon appellant's present condition, and it is excessive.

2. The appellee was clearly entitled to no relief, and the appellant should have been granted a divorce.

A condonation must be with *knowledge* of the guilt, and must be given without *misrepresentation*. The knowledge of the guilt must be distinctly proved. (Brown on Alimony and Divorce, pp. 31–2.)

EWELL & SMITH FOR APPELLEE.

1. " Cohabitation of man and wife after a knowledge of adultery or lewdness complained of shall take away the right of divorce therefor." (Gen. Statutes, chap. 52, sec. 4.)

2. The allowance is not excessive.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Nannie Steele brought this action against her hus-

band, Craig Steele, for alimony for herself and infant child, upon the ground of abandonment and refusal to support them.

His answer was made a counter-claim, in which he prayed for absolute divorce because, as alleged, their marriage was brought about by fraud of plaintiff and her friends, she being at the time without defendant's knowledge pregnant by another man.

The lower court rendered judgment dismissing his counter-claim, and for five hundred dollars in her favor for alimony.

The evidence shows she was at the time pregnant, but he knew it, and we are satisfied is the father of the child for whose benefit the judgment was in part rendered.

It appears that the father of plaintiff, when her condition was found out by him, had a personal interview with Craig Steele and his father on the subject, in which he stated that he believed defendant was author of his daughter's misfortune, and, if so, he ought to marry her. Craig Steele did not then deny, but admitted he was, and both he and his father agreed it was his duty to marry her, and they were married. But before the marriage took place there was another interview between plaintiff's father and Craig Steele and his father in reference to reports of her lewdness and unchastity previous to any sexual intercourse between her and Craig Steele. In that interview her father stated that if those reports, which he requested them to investigate, turned out to be true, he did not ask or expect him to marry her. To what extent they did then institute inquiry on that subject does not

clearly appear. At all events they professed to believe the reports were untrue, and not an obstacle to the marriage.

About seven months after the marriage she gave birth to a child, proved to be mature and fully developed. But her husband was not then nor had for a month or more been with his wife, though they resided at the house of his father from time of the marriage, and the child was born there. There is enough in the record to show that Craig Steele had, prior to the birth of the child, determined to abandon his wife, and the malignancy and pertinacity with which he and his relatives have, during this litigation, hunted testimony to destroy and degrade her, shows she could not remain at the house of his father. So the only place she had to go was the house of her father, who is a very poor, though, according to this record, a just and upright man. And though when this action was brought, the husband had not abandoned his wife long enough, one year, before to entitle her to divorce for that specific cause, he was guilty of abandonment in meaning of the statute, and, therefore, as heretofore held by this court in analogous cases, she can maintain this independent action for alimony. And it may as well be said in this connection that in our opinion the allowance to her, by the judgment appealed from, of five hundred dollars was not in our opinion excessive.

Section 2120, Kentucky Statutes, provides that "cohabitation as man and wife, after a knowledge of adultery or lewdness complained of, shall take away the right of divorce therefor." And it seems to us,

looking to the language used and reason of that statute, the right of defendant to divorce for adultery or lewdness of plaintiff, his wife, must be now and here regarded as taken away ; for whatever may have been her previous conduct or relation to other men, he knew she had been lewd and unchaste with himself, and there having thereafter been cohabitation between them as man and wife, his right to divorce can not be maintained. In fact, it is not by any means clear that concealment by her of such previous acts of adultery or lewdness, if she had been guilty of them, should be now treated as fraud of that character or degree entitling him, under the circumstances, to annulment of the marriage tie.

In the first place he had knowledge before the marriage that there were reports affecting her character for chastity, and was not only entirely free to investigate the truthfulness of such reports, but distinctly told by plaintiff's father not to marry her if they turned out to be true. Having, in such case, elected to marry her, he can not be now heard to say he was induced by fraud of his wife and friends to marry her. Second. Though declining to make the investigation at the proper time, and professing to be satisfied the reports were untrue, defendant, on this question of alimony, seems to have spared no expense or time to procure testimony, which, if true, shows his wife, though only sixteen years old when she married him, to have been a creature of almost unexampled and notorious lewdness. Indeed, it is seldom a court is called on to consider such a filthy batch of depositions. And in our opinion it is incredible that what

he has procured men to testify against her could be true, and he be, at the time of the marriage, uninformed on the subject, for most of those who came forward or were induced to so testify are his near relations.   It is not, therefore, necessary to determine whether the testimony is true, but if it was, we should be slow to give credence to witnesses who have shown themselves to be so shameless, vile and filthy as defendant's witnesses have done.

Judgment affirmed.