CASE 100—DIVORCE AND ALIMONY—NOVEMBER 25.

## Gooding v. Gooding.

### APPEAL FROM KENTON CIRCUIT COURT.

104   755
122   598

DIVORCE AND ALIMONY—BASIS OF ALLOWANCE.—While this court can not reverse a judgment granting a divorce, it can revise so much of the judgment as grants alimony; and in this case where it appears that the husband's net estate was worth about $19,000 in agricultural lands alimony at the rate of $75 a month in addition to the costs, ordinary and extraordinary of the action was held excessive. The trial court was directed to change the allowance to $325 in gross and $175 per annum, payable quarterly, without additional allowance for attorney's fee in this court.

J. W. BRYAN FOR APPELLANT. (E. L. WORTHINGTON OF COUNSEL.)

1. Although the Court of Appeals has no jurisdiction to reverse a judgment granting a divorce, it will revise so much of the judgment granting alimony if the record does not justify the decree of divorce or even though it does if the alimony be excessive. Beall v. Beall, 80 Ky., 675; Woolfolk v. Woolfolk, 96 Ky., 657; and the alimony adjudged in this case is excessive.

E. L. WORTHINGTON ALSO FOR APPELLANT. (J. W. BRYAN OF COUNSEL.)

1. This court will reverse a judgment for alimony, if it finds the divorce should not have been granted. Beeler v. Beeler, 19 Ky. Law Rep., 1936; Woolfolk v. Woolfolk, 96 Ky., 657; Evans v. Evans, 93 Ky., 510; Beall v. Beall, 80 Ky., 675.

2. A father is entitled to the custody of his child eight years old in preference to its mother unless he is disqualified in some way to have its custody. McBride v. McBride, 1 Bush, 15; Ellis v. Jesup, 11 Bush, 403.

3. A yearly allowance of 4¾ per cent. of the husband's whole estate to the wife for alimony is excessive. Newsome v. Newsome, 95 Ky., 383; Fishli v. Fishli, 2 Litt., 342; Beall v. Beall, 80 Ky., 675; 2 Bishop on Marriage and Divorce, secs. 1029 *et seq.*

M. L. HARBESON FOR APPELLEE.

1. On the right to divorce. Beall v. Beall, 80 Ky., 676; Canine v. Canine, 13 Ky. Law Rep., 124; Wilson v. Wilson, 18 Ky. Law Rep., 741; Rogers v. Rogers, 13 Ky. Law Rep., 526; Shrout v. Shrout, 12 Ky. Law Rep., 470; Davis v. Davis, 86 Ky., 32; 9 Ky. Law Rep., 300; note in 7 Ky. Law Rep., 235.

2. Alimony. McAllister v. McAllister, 15 Ky. Law Rep., 750; Lacey v. Lacey, 15 Ky. Law Rep., 439; Thiesing v. Thiesing, 16 Ky. Law Rep., 115.

3. Custody of the child. Thiesing v. Thiesing, 16 Ky. Law Rep., 115; Irwin v. Irwin, 96 Ky., 318; 16 Ky. Law Rep., 657.

M. L. HARBESON FOR APPELLEE IN A PETITION FOR A MODIFICATION OF THE OPINION.

1. The opinion of the court should be modified so as to direct the chancellor to enter an allowance fixed by this court as a substitute for that fixed by him and to date from the original judgment.

2. The costs of the appeal proceeding should be paid by the husband.

3. The appellee's attorney should be adjudged a reasonable fee to be paid by the appellant for services rendered for the appellee in the Court of Appeals.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

Appellee instituted this action against her husband for divorce and alimony, and asked that the custody of their infant daughter be awarded to her, and that provision for her support and education be made out of appellant's estate. Upon final hearing, the court adjudged appellee entitled to divorce, and that she be allowed $75 per month as alimony, and for the maintenance and support of the child, which was placed in her custody, and required appellant to pay the costs of the suit, including a fee of $250 to her attorney. We are asked to reverse the judgment allowing alimony, and awarding to appellee the custody of the infant, on the ground that she was not entitled to divorce under the proof, and that, consequently, no allowance could legally be made for her support; and it is further insisted that, even if alimony were proper, the sum awarded is excessive. This court has no revisory power over a judgment for divorce, and it is unnecessary to review the voluminous testimony bearing upon this question. It is enough to say that after a careful reading of the record, we do not feel that we would be justified in holding that the judgment of the chancellor, decreeing a divorce, and awarding to the mother the custody of the infant, was unauthorized by the proof.

The only question here to be considered is as to the reasonableness of the amount allowed by way of alimony, and for the maintenance and education of the infant. The agreed statement of facts filed in the record shows that the estate of appellant consists of four hundred and

thirty-nine acres of land, which is estimated to be worth $32,925 (or $75 per acre); sixteen acres, estimated at $200; and personally of the value of $1,150, making his entire estate aggregate $34,600, while his liabilities are fixed at the sum of $15,550, nearly all of which is for borrowed money, which is bearing interest. It further appears that the father of appellant's first wife paid $9,000 of the purchase price of the land owned by appellant; and that the present family of appellant consists of himself, his son, and a grandson, eleven years of age, and two daughters by his first wife, both of whom are married, one of them having married since the institution of this suit; and that appellee is substantially without property. The record fails to disclose the age of the parties, and is equally silent as to the annual income realized by appellant from his farming operations; but it sufficiently appears that the net estate of appellant, after making provision for the payment of his outstanding debts, is about $19,000, which is represented by agricultural lands estimated to be worth $75 per acre. It is a matter of common information that this species of property yields comparatively small returns, and, if appellant realizes the legal rate of interest on this amount, he would have an income of about $1,140 a year, out of which he must first pay, as fixed charges, taxes, insurance, and repairs.

Mr. Bishop in the recent edition of his work on Marriage and Divorce (volume 2, section 1029), says: "The dissolution of a marriage by divorce is analogous to its dissolution by death. . . . In a sort of general way, with variations after which it is not needful here to inquire, the common law gives the widow on the death of her husband one-third of his estate. So that, looking at this sort of analogy, if one-third of the husband's income will leave

the wife on divorce as well off pecuniarily as though the cohabitation continued, with something in compensation for her injury, such, when not reduced by a separate income of her own, may well be regarded as a sort of common,·matter of course proportion. And it has been said that, in England, 'one-third of the husband's income is the usual rate at which permanent alimony will be allotted.' And this appears to be indicated by various English cases. We have American ones, perhaps a little like these; but, on the whole, there is not hitherto any sufficient ground for saying that we have any matter of course rule of any sort. In both countries alike, the proportion may be greater than one-third, or it may be less." . . . Section 1034: "In a case where no part of the property came from the wife, Sir John Nicholl deemed one-third a liberal allotment."

There has been no fixed rule laid down in this State for determining the amount of alimony which should be allowed; but it seems plain, from the agreed facts as to appellant's financial condition, that if he is compelled to pay the costs of this proceeding, and $75 per month as alimony and for the maintenance of the infant, in addition to his other pecuniary burdens, he will have nothing left from his income for his own support or that of others dependent upon him, and that he will soon be a bankrupt. The allowance made is excessive. It would be better for both appellant and appellee if a lump sum could be awarded to appellee in full settlement of her claim for alimony. Appellant would then know precisely what he had to pay, and appellee would be relieved from the financial vicissitudes which are likely to overtake appellant. But, in the entire absence of proof as to appellee's age and expectation of life, such a sum can not be intelligently determined. For

the present the allowance to her should be fixed at $325, and the additional sum of $175 per annum, to be paid quarterly, in equal installments, for the maintenance and education of the infant; and the final judgment should reserve the right to change or alter these amounts as the future situation of the parties and their interests require. For the reasons indicated, the judgment is reversed, and the cause is remanded for proceedings consistent with this opinion.

On December 9, 1898, the following response to the petition for modification of the opinion was delivered by Judge Burnam:

The allowance for alimony and maintenance of appellee indicated in the opinion rendered in this case is a substitute for the sum fixed in the judgment of the chancellor, and should be paid from the date of the rendition of the judgment in the lower court which was reversed. Appellant should be charged with the taxed costs of the appeal, but no additional attorney's fees should be imposed upon him.