CASE 79—ACTION BY ALICE CAMPBELL AGAINST HER DIVORCED HUSBAND, B. B. CAMPBELL FOR ALIMONY.—MAY 27.

## Campbell v. Campbell, &c.

APPEAL FROM HICKMAN CIRCUIT COURT.

FROM A JUDGMENT DISMISSING HER PETITION, PLAINTIFF APPEALS. AFFIRMED.

DIVORCE PREVIOUSLY OBTAINED—RIGHT OF SUBSEQUENT ACTION FOR ALIMONY.

Held: 1. Under Kentucky Statutes, section 2122, providing that a wife may, on a divorce obtained by her, have such allowance out of the estate of her husband as shall be deemed equitable, a wife who has been divorced, without claiming alimony and without any claim or reservation in the judgment of divorce

concerning future support by way of alimony, can not there-
after maintain an independent action against her said husband
for alimony.

R. B. FLATT, ATTORNEY FOR APPELLANT.

It is admitted in this record that the plaintiff sued for and
obtained a divorce from her husband, R. B. Campbell, seven
months before the filing of this suit, but we insist that under
the ruling of this court in a number of cases to which we have
called the attention of the court, she and her infant children
ought to have a support out of the estate of her husband, who
perpetrated a fraud on her in inducing her to sell her inter-
est in his estate to his brother-in-law, under a promise to re-
invest it in Tennessee lands, and then abandoned her and his
children and left the State.

No statute of limitation has barred her right of recovery, and
the actions for divorce and alimony being separate and distinct
actions, we think the action of the lower court should be re-
versed.

### AUTHORITIES RELIED ON.

Wilmore v. Wilmore, 15 B. M., 60; Williams v. Williams,
3 Met., 489; Rogers v. Rogers, 15 B. M., 382; Tilton v. Tilton,
16 Ky. Rep., 538; Davis v. Davis, 86 Ky., 23; 9 Law Rep.,
300; Shrader v. Shrader, 11 R., 441; Kentucky Statutes, sec. 2122.

N. P. MOSS, ATTORNEY FOR APPELLEES.

While it is admitted that the wife, before decree of divorce
from the bonds of matrimony, may maintain an independent
action for alimony against the husband, and have all the rem-
edies and processes provided by statute and set aside a fraudu-
lent conveyance made by him to defeat her marital rights to
the full extent that she would have in a joint action for
divorce and alimony, it is not thought that any case can be
found in Kentucky or at common law in which the right
to maintain an independent suit for alimony has gone so far
as to enable the wife to institute and maintain such a suit
after final decree from the bonds of matrimony.

We contend, that the language of the Kentucky Statute "*On
obtaining a divorce* by her, she may have allowance," etc.,
means that the two are concurrent rights and must be pros-
ecuted together in the same suit.

### AUTHORITIES CITED.

Davis v. Davis, 86 Ky., 32; Rogers v. Rogers, 15 B. M., 375;
Zams v. Zams, 9 B. M., 295; Petty v. Petty, 4 B. M., 215; A. &

E. Ency., vols. 1, 479, 472, 473; 6. B. M., 468; Glenn v. Glenn, 7 Mon., 286; Kentucky Statutes, sec. 3760; 82 Ky., 47; 83 Ky., 669; 14 B. M., 381.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellant, Alice Campbell, and appellee B. B. Campbell were husband and wife. She sued for and obtained an absolute divorce from him on statutory and canonical grounds. In her suit she neither asked for nor was she granted alimony. At a subsequent term of the court she brought this suit against her divorced husband (who had become a nonresident) and against his vendee, to whom he had conveyed certain lands in this State, seeking to set aside the conveyance and subject the land to the payment of alimony in this suit, on the ground that the conveyance by the husband was fraudulent and collusively made with his co-defendant to defeat appellant's claim. The question here for decision is, can the divorced wife maintain a separate suit for alimony against her former husband in an independent action begun after the decree of divorce? While marriage is more than a civil contract in certain of its aspects, so far as the property rights of the parties are concerned they are governed either by the express contract of the marriage settlements or by the implied contract imposed by law. In the latter is involved the moral and legal obligation of the husband to support his wife. This undertaking is necessarily mutual to a certain extent, for the correlative duty of the wife is to maintain that relation on her part in chastity and in good faith. She is absolved, at her election, from her marital obligation, by his breach of the marriage duties particularized by the statute. But she is not bound to pursue that course. If she elects to do so to terminate the married state, with its interdependent obligations, she elects thereby to abandon and to yield her claim to

Campbell v. Campbell, &c.

support from her husband implied in their contract of marriage, except to the extent and upon the terms of the statute which she has invoked. The origin and evolution of the doctrine of alimony need not be discussed now, for by statute the subject is regulated in this State. Section 2122, Ky. St., 1899, provides that: "If the wife have not sufficient estate of her own she may, on a divorce obtained by her, have such allowance out of that of her husband as shall be deemed equitable, and be restored to the name she bore before marriage, if she desires it." This section does not deal with the right of the wife to sue her husband for maintenance during marriage upon proper showing (Hulett v. Hulett, 80 Ky., 364, 4 R., 193; Steele v. Steele, 96 Ky., 382, 16 R., 517, 29 S. W., 17), nor for support pendente lite (section 2121, Ky. St. 1899; section 424, Civ. Code). But the section does not recognize that the wife's claim for permanent alimony upon a complete divorce is not one of absolute right at all. The language of the section seems to indicate that the provision for the wife's future support by way of alimony is one to be then determined by the court. The expression "she may, on a divorce obtained by her, have such allowance," etc., suggests that the claim for alimony must be so presented that the court granting the divorce, having all the facts and circumstances before it, may equitably then and there adjust the property rights of the parties. While in this State alimony has not been regarded as an incident of the divorce, this is true only where the marital relation is continued. But where that relation is terminated without claim or reservation in the judgment of divorce concerning future support by way of alimony, all such rights of the parties must be deemed as fixed and settled by the judgment. The opinion of this court in Rogers v. Rogers, 15 B. Mon., 364, which seems to inti-

**660** KENTUCKY REPORTS. [Vol. 115

Board of Council of City of Frankfort v. Frankfort S. V. & T. Co., &c.

mate the contrary, seems to have been rested in the main on the fact that the decree for alimony enforced in that action was allowed because it was the judgment of a court of general jurisdiction of another State, to which our courts were required to give full faith and credit. But whether such is the accurate construction of that opinion, we have concluded that the better rule is the one now applied.

The judgment of the circuit court dismissing the wife's subsequent suit for alimony is affirmed.