## Belcher v. Belcher.

(Decided November 9, 1911.

### Appeal from Logan Circuit Court.

Husband and Wife—Action for Alimony.—A wife may maintain an action against her husband for alimony where he has permanently abandoned her although the abandonment has not continued long enough to entitle her to a divorce.

BROWDER & BROWDER for appellant.

J. W. LINTON, S. R. CREWDSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Moses Belcher and Lou Hall Belcher were married in Russellville, Ky., on September 12, 1910. Immediately after their marriage they went to Florida to live. They returned to Auburn, Kentucky, on November 12, 1910, and he immediately left his wife there and returned to Florida. She brought this suit against him on December 2, 1910, for alimony, charging that he had abandoned her. Both of them were citizens of Logan County when they married. Her father and family live there. The proof for her is to the effect that her husband after bringing her to Kentucky immediately left her and returned to Florida without telling her good-bye nor letting her know that he was going. The husband owns one-half of a tract of land in Logan County worth $1,500; there is a mortgage on the whole tract for $500. This land was attached by her. The husband is now in Florida working for $1.50 a day. They are both people in middle life. The proof for him is by witnesses in Florida to the effect that he treated his wife kindly while there; that she became homesick, and insisted on their returning to Kentucky; that finally he agreed to bring her to Kentucky, paid the expenses of the trip and gave her $50. On this evidence the circuit court made her an allowance of $300 as alimony. The husband appeals.

As the abandonment had not existed for a year, the wife had no cause of action for divorce when she filed her suit; but although she could not sue for divorce, she might maintain an action for alimony. In Steele v. Steele, 98 Ky., 384, the court in a similar case, said:

"And though when this action was brought, the husband had not abandoned his wife long enough, one year, to entitle her to divorce for that specific cause, he was guilty of abandonment in meaning of the statute, and, therefore, as heretofore held by this court in analogous cases, she can maintain this independent action for alimony."

That case followed Hulett v. Hulett, 80 Ky., 364. Were the rule otherwise a wife who had been abandoned by her husband and left without means of support would be without adequate remedy. The proof makes it clear that the abandonment is permanent; and such being the case, the court properly allowed the wife alimony. The amount allowed the wife is not unreasonable considering the facts of the case.

Judgment affirmed.