## Wallace v. Wallace.

(Decided October 29, 1920.)

Appeal from Jefferson Circuit Court
(Chancerry Branch, Second Division).

1. Divorce and Alimony—Maintenance—Appeal From Order Refusing to Allow Maintenance and Alimony.—In a suit by the wife for divorce, alimony and maintenance an appeal may be taken from an order refusing either.

2. Divorce and Alimony—Jurisdiction of Court—Two Actions Pending.—Where a suit for divorce from bed and board and alimony was brought and the divorce was granted but no disposition was made of the question of alimony and this suit was filed away with leave to redocket it, did not bar the institution of a suit for an absolute divorce and alimony brought in another court that had jurisdiction while the first suit was off the docket, although it might have

been reinstated upon motion. The second suit would bar a rein-statement on the docket of the first suit.

3.  Judgments—Res Judicata.—When a party selects a forum that has jurisdiction of the parties and the subject matter of the action he is concluded by the judgment rendered in that forum and cannot open it up or relitigate it in another of concurrent jurisdiction.

4.  Divorce—Alimony and Maintenance are Incidents of Divorce.—Alimony and maintenance are incidents of suit for divorce and should be sought in that suit although a separate suit for alimony may be maintained.

5.  Divorce—Suit for Divorce From Bed and Board Not Bar to Suit for Absolute Divorce.—Where a wife brought a suit for divorce from bed and board in one county and afterwards established a residence in another county and there brought a suit for an absolute divorce, the suit for divorce from bed and board could not be pleaded as a bar to the suit for an absolute divorce.

ALLEN CUBBAGE and MOORMAN & WOODWARD for appellant.

BROWN, LOGAN & MYATT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—Reversing.

This appeal is prosecuted by Margaret Wallace from a judgment of the Jefferson circuit court dismissing so much of her petition for divorce and alimony as sought to recover alimony.

All the facts upon which the lower court acted are matters of court record, and therefore it will only be necessary to recite that record for the purpose of determining the correctness of the ruling complained of.

In November, 1914, Wallace brought a suit in Grayson circuit court against his wife, asking an absolute divorce on the ground of abandonment for one year, and also the custody of their infant children. By way of answer and counterclaim Mrs. Wallace, after traversing the material averments of the petition, sought a divorce from bed and board and asked permanent alimony in the sum of $7,000.00 and $50.00 a month for maintenance pending the litigation, as well as attorneys' fees. She also prayed that she be given the custody of the infant children. A reply putting in issue the averments of the answer and counterclaim was filed, and this, together with a rejoinder and surrejoinder, completed the pleadings.

The evidence taken in the Grayson county suit is not in the record, but it appears that the court in determining the case adjudged that the parties be divorced from bed

and board and that Wallace was not entitled to an absolute divorce. The custody of two of the children was given to Wallace and the custody of the other two was awarded to Mrs. Wallace, and he was ordered to pay her $30.00 a month for the support and maintenance of the two children placed in her custody until further order of the court.

From this judgment Wallace prosecuted an appeal to this court, complaining of the refusal of the lower court to grant him an absolute divorce, and also calling in question the allowance of $30.00 a month for the maintenance of the two children. The question whether alimony should be allowed the wife although it was sought in her answer and counterclaim does not appear to have been passed on by the lower court, nor was it determined in this court. The opinion of this court, which was handed down in September, 1916, affirmed the judgment and may be found in 171 Ky. 192.

In January, 1917, an order was entered showing that "by agreement of parties hereto, this action is stricken from the docket, with leave to be restored on motion at any time." In September, 1917, Mrs. Wallace moved the court to restore the case to the docket and for an increase in the allowance for the two children in her custody, and also for the custody of the two other children that had been awarded to Wallace, but this motion was overruled because notice that it would be made had not been given to Wallace. Since that no motion or step has been taken in the Grayson county case.

In June, 1920, Mrs. Wallace brought suit in the Jefferson circuit court against her husband, asking a divorce upon the ground that they had lived separate and apart more than five years. She set up that her residence was in Jefferson county, while her husband resided in Grayson county. She further averred that her husband owned property of the value of $25,000.00, and asked a judgment against him for $15,000.00 permanent alimony and $100.00 a month for maintenance pending the litigation, and that she be awarded the custody and control of the two children that had been in her possession since the separation.

To this suit Wallace filed a plea in abatement in the nature of a special demurrer, setting up that there was and had been pending since 1914 in the Grayson circuit court an action between himself and the plaintiff involving the issues set up in her petition; that the Grayson circuit court still had jurisdiction of the action and all

matters pertaining to alimony and the custody of the children, and relied upon the proceedings in the Grayson circuit court as a bar to this suit. After this Wallace moved the court to dismiss so much of the plaintiff's petition as sought to recover alimony and maintenance, and by agreement so much of the petition as sought to have the court award the custody of the children to Mrs. Wallace was dismissed. The court sustained the motion of Wallace and dismissed so much of the petition as sought to recover alimony and maintenance, but overruled the plea in abatement.

In disposing of the questions raised the judge of the Jefferson circuit court rendered an opinion, in the course of which he said: "The action at bar seeks an absolute divorce upon the ground of five years' separation, alimony and the custody of the children. Plaintiff can maintain her action in this court in so far as she seeks a divorce, but not otherwise. The Grayson circuit court had and still has the custody of the children. As to these matters this court would treat the question as *res judicata*. As said above, this court has jurisdiction to entertain the action for divorce if plaintiff desires that relief alone, but if she wishes that relief and additional alimony and a different order respecting the custody of the children she must return to the Grayson court, which not only has exclusive jurisdiction as to alimony and the custody of the children, but concurrent jurisdiction to determine plaintiff's right to a divorce *a vinculo*."

Before considering the case on its merits we will notice the motion to dismiss the appeal that has been made by counsel for Mrs. Wallace upon the ground that the order or judgment refusing alimony is not a final or appealable order. In support of this contention the argument is made that if, on a final hearing the court should refuse to award alimony or grant a divorce or both, Mrs. Wallace could then go to the Grayson circuit court and have the suit that was brought in that court reinstated on the docket and ask that court to award alimony.

It will be observed that this contention is based on the assumption that the case brought in the Grayson circuit court is yet pending in that court, and therefore any order made in the Jefferson circuit court would not be final, because Mrs. Wallace might thereafter obtain alimony in the Grayson circuit court.

The apprehension that Mrs. Wallace, if the Jefferson circuit court should refuse her alimony, could ask and

might obtain it in the Grayson circuit court is entirely unfounded. The judgment of the Jefferson circuit court awarding or refusing alimony would be a final order or judgment, and the matter could not be again litigated in the Grayson circuit court, or any other circuit court or reviewed except on appeal to this court. When a party selects a forum that has jurisdiction of the parties and the subject matter of the action he is concluded by the judgment rendered in that forum and cannot open it up or relitigate it in another of concurrent jurisdiction. If a practice like this were allowable there would be no end to litigation and parties could go from one court to another seeking relief that had been denied in the court where it was first prayed for.

The wife when she brings suit for divorce has the right to ask in her petition permanent alimony as well as maintenance pending the litigation, and if the court dismisses for any cause so much of her petition as asks alimony or refuses to allow any maintenance, she may, if the sum in controversy is sufficient, prosecute an appeal to this court.

In Campbell v. Campbell, 21 Law Rep. 19, the lower court refused to make the wife an allowance pending a suit brought against her for divorce, and this court said on her appeal from the order refusing the allowance that "this court has decided in Lochnane v. Lochnane, 78 Ky. 476, that a husband has the right to maintain an appeal from the judgment making the wife an allowance pending the suit. So far as we are aware the court has never passed upon the question as to the right of the wife to appeal from the judgment of the court refusing such allowance. The court is of the opinion that she has such right." In the Lochnane case the court said: "That an appeal may be taken from a decree making an allowance to support the wife pending a suit for divorce cannot be questioned. It possesses all the essential elements of a final judgment." As an appeal may be taken by the husband from an order awarding maintenance the wife may also appeal from an order refusing maintenance. It is, of course, not to be questioned that the husband may prosecute an appeal if the amount is sufficient from an order or judgment awarding the wife alimony, and it must necessarily follow that if the court refused alimony to the wife she may also appeal. The judgment or order is as much an appealable order or judgment in one case as in the other.

As the wife may appeal pending the litigation from an order refusing maintenance she may also appeal from a final judgment refusing alimony, and if before there has been a final judgment the court dismisses pending the suit so much of the petition as seeks alimony, as was done in this case, this order of dismissal is a final order and an appeal may be prosecuted from it at once.

If so much of the petition as sought alimony was dismissed by the court before final judgment the court could not well award alimony when the case was finally disposed of, because the petition would not then contain any averments seeking alimony. So that Mrs. Wallace had the right to prosecute an appeal, as she did, from the ruling of the court dismissing so much of her petition as sought to recover maintenance and alimony.

Coming now to the question whether the Grayson circuit court or the Jefferson circuit court has jurisdiction to award alimony it may be conceded that Mrs. Wallace could upon notice have had the case in the Grayson circuit court restored to the docket, and in that case have pressed her claim for alimony, as she sought alimony in her answer and counterclaim filed in that court. Sebastian v. Rose, 135 Ky. 197. But when she established a residence in Jefferson county and brought her suit in that county for divorce and alimony this worked an abandonment by her of any right she might have to reinstate the Grayson county suit. Plainly, after she brought the Jefferson county suit and while it was pending, she would not be allowed to reinstate the Grayson county suit, and if she had attempted to do so the pending suit in the Jefferson circuit court could have been pleaded as a conclusive bar to any further prosecution of the suit in Grayson county. She could not, of course, have two suits pending at the same time and for the same purpose in whole or in part in two different courts of the state.

But, as we have said, neither of the parties has had this Grayson county suit reinstated on the docket, and therefore when Mrs. Wallace brought her suit in the Jefferson circuit court this was an abandonment of her right to further prosecute the Grayson county suit, and she cannot hereafter have that suit reinstated or take any further action therein. That suit is as dead as if there had been a final judgment or order disposing of it in 1917. The case between these parties is now pending in the Jefferson circuit court; in that court their rights in respect to all matters involved in the litigation must be settled.

It is the settled practice that maintenance and alimony are mere incidents of a suit for divorce, and the recovery of either or both should properly be sought in the petition asking for a divorce. Campbell v. Campbell, 115 Ky. 656; Tilton v. Tilton, 16 Ky. Law Reporter 539; Day v. Day, 168 Ky. 68. Although a separate action for alimony may be maintained. Hulett v. Hulett, 80 Ky. 364; Steele v. Steele, 96 Ky. 382.

The suit by way of counterclaim brought by Mrs. Wallace in the Grayson circuit court did not ask an absolute divorce but only a divorce from bed and board, and, therefore, when Mrs. Wallace established a residence in Jefferson county she had the right in that county to bring a suit for an absolute divorce, and the lower court so held. In no state of case could her suit in the Grayson circuit court be pleaded in bar of her right to maintain her action for divorce in the Jefferson circuit court.

Taking this as true, if Mrs. Wallace could not in the Jefferson circuit court also recover alimony and maintenance, we would have the curious anomaly in the law of a suit pending for divorce in the Jefferson circuit court and a suit pending in the Grayson circuit court for alimony and maintenance, and this would be an unheard of proceeding. When the Jefferson circuit court obtained jurisdiction of the divorce suit it necessarily followed that it likewise had jurisdiction of all questions that belong to and are a part of a suit for divorce.

On a return of the case the lower court will make such orders in respect to maintenance, the custody of the children and alimony as seem to it right and proper.

Wherefore, the motion to dismiss the appeal is overruled and the judgment is reversed for proceedings not inconsistent with this opinion.