## Lyon v. Lyon.

(Decided March 25, 1932.)

ALLEN & DUNCAN for appellant.

HUNT & BUSH and JAMES G. DENNY for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Catherine Hughes Lyon and Early K. Lyon were husband and wife. At the February term, 1916, of the Fayette circuit court, in her action against him, a judgment was entered decreeing her a divorce a vinculo matrimonii, but reserving the question of alimony for future determination.

On the 3d day of April, 1926, she filed notice executed on Earl K. Lyon, and entered a motion in the court in which the judgment was rendered, to redocket the case and to fix an allowance of permanent alimony and support. During the pendency of the motion, an agreement was entered into by the parties, whereby it was stipu-

lated that the property therein described and owned by Earl K. Lyon was of the value of $111,820, and the property owned by Catherine Hughes Lyon was of the value of $12,804, or about one-ninth of that of Earl K. Lyon. The property owned by him, as well as the larger portion of that owned by her, was acquired by him under the will of his father who died after the judgment of divorce was rendered.

The court awarded her alimony of $60 per month, but reserved the right to change it from time to time; $300 fee was allowed her attorneys.

It appears from an affidavit filed in the record after the appeal was perfected that the wife has married since the decree of divorce was entered.

The general rule is that on the marriage of the wife to another husband her right to alimony as against her first husband terminates. Montgomery v. Offutt, 136 Ky. 157, 123 S. W. 676; Franck v. Franck, 107 Ky. 362, 54 S. W. 195, 21 Ky. Law Rep. 1093; Evans v. Evans, 229 Ky. 21, 16 S. W. (2d) 485; Fisher v. Fisher, 237 Ky. 823, 36 S. W. (2d) 635. The marriage of the appellant may terminate, owing to the circumstances, her right to alimony, but, on the record as now present, this is not a question before us. It is one for the circuit court to determine on a proper showing in that court. Gerrein's Admr. v. Michie, 122 Ky. 250, 91 S. W. 252, 28 Ky. Law Rep. 1193; Franck v. Franck, supra, and Montgomery v. Offutt, supra.

The steps which were taken to submit the question of alimony sought in the original petition were authorized under the order of court reserving it for future adjudication.

Maintenance and alimony are mere incidents to a suit for a divorce, and a recovery of either or both should be sought in the petition asking a divorce (Wallace v. Wallace, 189 Ky. 451, 225 S. W. 31), or by an independent action (Belcher v. Belcher, 145 Ky. 308, 140 S. W. 309). But an independent action cannot be maintained therefor after there has been a judgment, a vinculo matrimonii. Campbell v. Campbell, 115 Ky. 656, 74 S. W. 670, 25 Ky. Law Rep. 53; Logsdon v. Logsdon, 204 Ky. 104, 263 S. W. 728.

The rule that an independent action therefor cannot be maintained after the rendition of judgment decreeing an absolute divorce has no application where, in such

action, the court in its judgment reserves for future adjudication the wife's right to alimony, as was done in the present case.

The proceeding herein was not an independent action against the husband for alimony within the rule stated in Campbell v. Campbell and Logsdon v. Logsdon, supra.

The single question presented by this appeal is the right of the appellant to have increased the alimony allowed to her on the facts presented. The character and nature of the property respectively owned by the appellant and the appellee are manifested by the agreed facts.

It is a rule fixed by statute that, if the wife has not sufficient estate of her own, on being granted an absolute divorce, she may be allowed out of her husband's estate such an amount as shall be deemed equitable. Section 2122, Ky. Stats. When fixing alimony, it is proper to consider her estate, its income and market value, as well as that of the husband. Duke v. Duke, 198 Ky. 173, 248 S. W. 500.

The capacity of the husband to pay as well as the value of his accumulated property and the income therefrom should be considered when fixing the wife's alimony. Cecil v. Cecil, 200 Ky. 453, 255 S. W. 64; Simpson v. Simpson, 201 Ky. 282, 256 S. W. 412; Watkins v. Watkins, 202 Ky. 141, 259 S. W. 20; Miles v. Miles, 203 Ky. 431, 262 S. W. 576; Ramey v. Ramey, 224 Ky. 398, 6 S. W. (2d) 470; Littleton v. Littleton, 229 Ky. 353, 17 S. W. (2d) 204.

The age, the health, and the ability to labor, of both the husband and wife, should also be considered. Miller v. Miller, 224 Ky. 234, 5 S. W. (2d) 1041; Ramey v. Ramey, supra; Jones v. Jones, 239 Ky. 153, 39 S. W. (2d) 262. It is common knowledge that the greater portion of the property respectively owned by the parties at the time the income and market values thereof were fixed in the stipulation of facts, owing to the present general business depression, universally prevailing, has greatly depreciated in both its income and market values, since the date of its valuation. The court is entitled to share in the common knowledge of the average layman. The amount of alimony and the manner of its payment depend on the facts and circumstances in each particular case.

As a general rule alimony should be allowed to the wife in a lump sum. (Gooding v. Gooding, 104 Ky. 755,

47 S. W. 1090, 48 S. W. 432, 20 Ky. Law Rep. 955; Irwin v. Irwin, 107 Ky. 24, 52 S. W. 927, 21 Ky. Law Rep. 622), unless a monthly, or an installment, payment seems to be best for both parties.

Evaluating the respective estates owned by the appellant and the appellee, and considering their age, health, and capacity to labor, together with the circumstances of the parties, we have reached the conclusion that an allowance of $100 per month alimony should be allowed from the date of the judgment, appealed from, in lieu of $60, subject to the right of the chancellor to modify the monthly allowance of $100 to meet any changed conditions of the parties that have arisen since the judgment allowing her $60 the month.

The attorneys of the appellant to whom the $300 fee was allowed are not parties to this appeal. The rule is that where an allowance to the plaintiff's attorneys in a divorce suit is made direct to them eo nomine, and taxed against the defendant as costs, and such attorneys are not made parties to the appeal, this court cannot consider the question of such allowance. Sallee v. Sallee, 213 Ky. 125, 280 S. W. 932; Sams v. Sams, 218 Ky. 613, 291 S. W. 1058; Mainous v. Brown Shoe Co., 222 Ky. 25, 299 S. W. 1068; Parepoint v. Parepoint's Admr., 228 Ky. 639, 15 S. W. (2d) 513; Kelly v. Adams, 229 Ky. 604, 17 S. W. (2d) 706.

Judgment is reversed for proceedings consistent with this opinion.