## Witt v. Witt.

### March 24, 1939.

S. M. Ward, Judge.

G. C. WILSON for appellant.

J. T. BOWLING for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Reversing.

The appellant and plaintiff below, Leah Witt (wife), and the appellee and defendant below, Hugh Witt (husband), were married on September 17, 1913. They lived together as husband and wife until a few days before October 29, 1931, during which time two girl children were born, who on the latter date were each under 21 years of age. For some time prior thereto the relations between the parties—because of alleged cruel and inhuman treatment of the husband toward the wife, and, perhaps, for other conduct on his part— became greatly estranged, sufficiently so as to demonstrate that they could no longer live together in peace and happiness. The husband was engaged in a remunerative occupation in the city of Hazard, and on a later date they entered into a mutual separation agreement containing minute stipulations and correlative obligations, among which were, that the wife should have custody of the two infant girl children and that the husband would pay to her for their and her support the sum of $25 per month each, making a total monthly

payment of $75. After that agreement was duly executed the wife moved to Estill county, Kentucky, carrying with her the two children. The husband for a considerable while paid the agreed monthly allowances which he in that settlement agreed to do, but before the filing of this action against him by his wife in the Perry circuit court on September 11, 1937, he made default in his payments, which, at the time amounted to $250, and she sought to recover that amount from him.

She obtained an attachment and garnisheed some past due salary owed him from his employer, but which he released by executing bond to perform the judgment of the court. He then demurred to the petition, with which was filed as an exhibit a copy of the separation agreement. The court sustained it and two amended petitions were later filed in which plaintiff averred that in addition to the allegations made in her petition she, on April 21, 1932—following the execution of the separation agreement and the actual separation between the parties—filed a divorce action against the defendant in the Estill circuit court (where she was then residing), seeking a divorce from him upon the sole ground of cruel and inhuman treatment with habitual behavior towards her as to indicate a settled aversion, and to destroy permanently her peace and happiness. Defendant was served with process in the divorce action but made no defense, and the wife succeeded in obtaining the judgment she prayed for. In her divorce petition she made this express allegation: "She says that she and the defendant have settled their property rights by an agreement including her right to alimony and the support of their two daughters, Helen, 17, and Dorothy, 15, who are residing with her." The judgment in that action, therefore, made no reference to alimony, nor attempted to adjust any property rights of the parties as between themselves, since the petition averred—and which was no doubt proven in the action—that such matters were adjusted in the separation agreement, but which made no reference whatever to any requirement or agreement on the part of either of the parties to thereafter obtain a divorce. The only reference therein to a future divorce is found in this excerpt from the separation agreement: "The said payments to start November 1, 1931, and are to be paid on or before December 1, 1931, and each and every month thereafter until the said Helen and Dorothy

reach the age of 21 years or marry, or the said party of the second part, should she be divorced from the party of the first part and remarry, then in that event all the aforesaid Seventy Five Dollars ($75.00) mentioned as support herein, shall no longer be an obligation on the party of the first part, but he may cease payment thereof, and in that event that said payments shall stop to each of the aforesaid three parties as and when each of them become 21 years of age or remarry as hereinbefore mentioned.''

From that excerpt it will be seen that the separation agreement was not conditioned in any manner upon the wife obtaining a divorce from her husband. On the contrary, it was specifically provided that if she should obtain a divorce and remarry, then payments thereunder should cease. Therefore, the obtention of a divorce by her constituted a step towards extinguishing the promised payments and not as a condition precedent to her continued right to collect them. After the filing of the second amended petition, manifesting the facts as we have outlined them, the court sustained defendant's demurrer to the petition as so amended and dismissed it on the failure of plaintiff to plead further, from which judgment she prosecutes this appeal.

In the judgment of the trial court sustaining the demurrer, and in which he dismissed plaintiff's action, he specifically found and stated to be true that, ''It does not appear from the contract that any divorce proceedings were contemplated by either of the parties at the time of the execution of the contract. So far as the contract itself is concerned they just 'agreed to disagree' and not live together any longer.'' He, therefore, arrived at and expressed two reasons for his judgment, (a) that the contract sued on was against public policy and void so as to deny plaintiff's right to enforce it, and (b) that the divorce judgment—not having mentioned the question of alimony, nor attempting to adjust any property rights between the parties—was an adjudication that neither of them was entitled thereto, and for which reasons the judgment appealed from was justified and proper under the law.

Counsel for appellee in an effort to uphold and sustain the judgment appealed from touches lightly reason (a) of the court as supporting it, and contents

himself with an effort to distinguish the facts of this case from those appearing in the case of Ballard v. Ballard, 177 Ky. 253, 197 S. W. 661, which is one of the cases cited and relied on by counsel for appellant. But the attempted distinguishing put forward by counsel is invisible from every legal viewpoint, and militates in no respect from the well-settled rule permitting and allowing separation agreements when made in good faith between a disagreeing husband and his wife, and when they are not founded or supported— as a part of the consideration—upon any obligation to obtain a future divorce. In other words, when such contracts are not based upon a consideration of an obligation to obtain a divorce, they are then valid and may be enforced by one of the parties against the violator. The correctness of our brief statement of the rule is approved by all text writers upon the subject and by most, if not all, of the courts of this country. The text in 30 C. J. 1059, section 835, treats of the validity of such separation agreements when based upon consideration, not forbidden by the law or public policy, and it, together with succeeding sections, clearly points out that when made upon approved considerations and not embodying any forbidden ones—as we have above pointed out—they are valid and enforceable. The section supra of the text referred to directs the reader (in note 88 thereto) to the subject of "Contracts", treated in a prior volume (13) of the same work and in section 407 under that subject which section is headed "Agreements for Separation", it is pointed out that in some of the early common law English cases it was held that no separation agreement could be enforced. But it is further stated that "Some American cases still adhere to this rule in all its strictness, but the later English and Canadian cases, as well as the great majority of the American decisions, distinguish between agreements for future and agreements for immediate separation, holding that agreements for separation of husband and wife are valid if made in prospect of an immediate separation, but illegal if they provide for a possible separation in the future; and it is immaterial whether they are made before or after marriage."

The statement of the correct and approved rule, as embodied in the texts in the referred to volumes of Corpus Juris, is approved by all other text writers—there being none to the contrary, and this court has approved

and applied the rule in the cases of Williams v. Williams, 3 Ky. Op. 363; the Ballard case supra; Edleson v. Edleson, 179 Ky. 300, 200 S. W. 625, 2 A, L. R. 689, and Middleton v. Middleton, 207 Ky. 508, 269 S. W. 552. From what appeared in the record at the time the judgment appealed from was rendered, and its condition as brought here, the separation agreement sued on by plaintiff was and is undoubtedly valid, since it invaded no principle of public policy, nor was it otherwise tainted with invalidity so as to impair plaintiff's right to enforce it as written when violated by the defendant.

The only case cited by counsel for appellee in support of reason (b), put forward by the court in support of his judgment, is that of Lyon v. Lyon, 243 Ky. 236, 47 S. W. (2d) 1072, and other prior ones dealing with the same question therein dealt with, among which are Campbell v. Campbell, 115 Ky. 656, 74 S. W. 670, 25 Ky. Law Rep. 53; Belcher v. Belcher, 145 Ky. 308, 140 S. W. 309; Wallace v. Wallace, 189 Ky. 451, 225 S. W. 31, and Logsdon v. Logsdon, 204 Ky. 104, 263 S. W. 728. Those opinions dealt with, and determined an entirely different question, which was: That where a suit for a divorce was sought and obtained, and which did not ask for any settlement of property rights as between the parties, and when no alimony was sought or allowed, then a later independent action could not be maintained therefor. The later independent action is denied upon the ground that it was the duty of the wife to claim such property rights—including the recovery of alimony —in the divorce action. The distinction between the question determined in those cases, and the contract sought to be enforced in this one is too plain for discussion, and which is so pronounced that even laymen can readily detect it. The instant action seeks to recover no alimony, but only to recover for the breach of a valid contract. It is therefore, clear that the court was in error in sustaining defendant's demurrer to plaintiff's petition as amended.

Wherefore, the appeal is granted and the judgment dismissing the petition as amended is reversed, with directions to set it aside and to overrule the demurrer, and for other proceedings not inconsistent with this opinion.