# Kelley v. Kelley.

### (Decided March 3, 1925.)

## Appeal from Scott Circuit Court.

1. Divorce—Increase of Monthly Allowance of Alimony from $30.00 to $50.00 Held Excessive.—Increase of monthly allowance of alimony from $30.00 to $50.00 held excessivle, in view of husband's unfavorable financial conditions and of wife's improved conditions in that respect.

2. Divorce—Order Providing for Payment of Alimony on Monthly Basis Instead of in Lump Sum Held Proper.—Order providing for payment of alimony on monthly basis instead of in lump sum held proper, in view of husband's unfavorable financial conditions.

JOHN J. WILLIAMS and EMMETT M. DICKSON for appellant.

J. CRAIG BRADLEY, VICTOR A. BRADLEY, and L. F. SINCLAIR for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming in part and reversing in part.

Appellant W. S. Kelley and appellee, Sue Anderson Kelley, were married about 1900 and were divorced in 1917. Their son, an only child, was sixteen years of age at the time the divorce was granted. He attained his majority in August, 1921. The judgment of divorce and alimony contains this provision:

"It is further adjudged that the defendant pay the plaintiff as alimony, and for the maintenance and education of their son, James Will Kelley, the sum of thirty dollars, ($30.00) per month on the first day of each month."

Appellant paid the monthly allowance from 1917 up until after the son became of age, but soon thereafter the payments were stopped, he contending that the thirty dollars ($30.00) per month was not only alimony to the wife but for maintenance and education of their son; that the amount, thirty dollars ($30.00) per month should be reduced, the son having attained his majority and being self-sustaining. In order to have this matter adjudged appellant Kelley entered a motion to have the original cause redocketed and "that the temporary order heretofore entered herein requiring the defendant to pay the

sum of thirty ($30.00) dollars, per month, as alimony and for the maintenance and education of the said son, be set aside as of the time when the said son attained his majority." About the same time appellee, Mrs. Kelley, obtained a rule against appellant "to appear on Tuesday, the 14th of June, 1923, to show cause, if any he has, why he has not complied with the orders and judgment in the above styled cause." Responding to the rule appellant recited the fact of their marriage and divorce, the allowance of alimony to the wife and maintenance and education of the son; that the son attained his majority on the 31st day of August, 1921, and up to that time appellant had paid in full the thirty dollars per month from the time of the judgment, aggregating something more than $2,000.00. It is then averred in the response:

> "This respondent further says that the allowance of $30.00 per month, as fixed by the court in the said order hereinbefore mentioned, was an amount agreed upon by and between the plaintiff and this defendant and it was expressly agreed and understood at that time that the maintenance and education of the boy was a material consideration, and in fact the chief and controlling consideration in fixing said amount as much as $30.00 per month.  . . . "
>
> "This defendant says in fixing said allowance of $30.00 per month for alimony and the maintenance and education of plaintiff's son, that he was desirous of doing all that he could for the maintenance and education of said son, and whilst no mention was made of any income or estate then owned and possessed by the plaintiff in this case, that the plaintiff at that time and ever since and is now entitled to and as this respondent is informed and believes to be true and now alleges, is receiving the income from $7,000.00 under a provision made for her by her father's will and that this income of the plaintiff was not taken into consideration or known to or considered by the court in making the allowance of $30.00 per month."

He also alleged he was the owner of a one-story brick building in Georgetown, of the value of $2,500.00 on which there was a lien for $800.00; a second-hand Ford coupe of small value; office furniture and library and personal belongings of the cash value of $500.00 to $600.00; that

he owed debts aggregating, in addition to the lien debts of $800.00, approximately $700.00. He prayed judgment "fixing a permanent and definite sum in settlement of all rights and claims of the plaintiff for alimony."

Upon full hearing the chancellor overruled appellant's motion to discontinue or reduce the allowances of $30.00 per month to the wife for alimony, and sustained appellee, Mrs. Sue Anderson Kelley's, motion for an additional allowance per month, and adjudged that appellant pay $480.00 on past due alimony on the thirty ($30.00) dollar per month basis, and directed and ordered appellant to hereafter pay the sum of $50.00 per month as alimony and the defendant was given until the first day of the next October term of the court to comply with the order. It is from this order that appellant prosecutes this appeal.

He assigns a number of reasons why he thinks the judgment should be reversed, among them being (1), alimony was improperly allowed in the original judgment; (2) evidence in this case was not sufficient to entitle appellee to a decree; (3) alimony granted by the modified judgment is excessive; (4) alimony should have been fixed in a lump sum.

From the record we are of opinion that the judgment for alimony in the original case was the result of an agreement between the parties. If this did not appear we are convinced that the chancellor would have been fully justified, from the evidence as the record stands, in awarding appellee, Mrs. Sue Anderson Kelley, alimony in a reasonable sum, payable either monthly or in a lump sum. We will not, therefore, go into a discussion of the evidence in the original case. We are also of opinion that the evidence before the chancellor on the original hearing was abundantly sufficient to entitle the wife to a decree of absolute divorce.

We are, however, of opinion that the modified judgment entered on the hearing of the rule against appellant, granted appellee excessive alimony, the facts of the case and the ability of appellant to pay considered. According to the evidence his net income is about $100.00 per month. He has but little property. She has the income from an estate of something like $6,000.00 or $7,-000.00. She has the home and the furniture which belonged to them both. He has some debts and a lien upon his real property. We think the chancellor should not have disturbed the alimony fixed in the original judg-

ment of $30.00 per month. Like the chancellor, we are of opinion that the estate of appellant is too small to pay a reasonable lump sum allowance in alimony and leave him anything for himself. It will perhaps be easier and better for him to continue to pay thirty ($30.00) dollars per month, at least until there is a change financially in the situation of the parties.

That part of the judgment holding appellant in arrears in payment of past due alimony to the extent of $480.00 is also criticised as incorrect by appellant. Computing alimony at $30.00 per month from the time of the entry of the original judgment until the entry of the judgment from which this appeal is prosecuted, we get a grand total of approximately $2,300.00. He has paid to appellee approximately $2,085.00, excluding sums paid the son. So, he owed appellee at the time of the entry of the last judgment the difference between these sums, and not $480.00, as held by the lower court.

For the reasons indicated the judgment is affirmed in so far as it adjudged appellant liable for past due alimony to the extent of $215.00, and continued the allowance of alimony to the wife; but is reversed insofar as it increased the allowance from $30.00 to $50.00 per month, and adjudged appellant in arrears $480.00 on alimony. The chancellor is directed to modify the decree in accordance with these views, and enter an order fixing the allowance at $30.00 per month, and past due alimony at $215.00.

Judgment affirmed in part and reversed in part.

Whole court sitting.