## Campbell v. Campbell.

(Decided March 14, 1930.)

424

STEPHENS & STEELY for appellant.

L. O. SILER for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellee, who was the plaintiff below, brought this suit against the appellant for divorce, aptly charging him with the statutory grounds of cruel and inhuman treatment and a confirmed habit of drunkenness. The appellant by his answer and counterclaim traversed the allegations of the petition, and in turn asked a divorce on the ground that the appellee had been guilty of lewd and lascivious behavior. Both sides asked the custody of their child, a boy six years old and a cripple from birth, being afflicted with infantile paralysis. On final hearing, the court awarded the appellee the divorce she sought, dismissed the appellant's counterclaim, gave the appellee the custody of the child, and awarded her alimony in the sum of $20 a month. From so much of the judgment as awarded the appellee the custody of the child and the stated alimony, the appellant appeals; the judgment, granting the divorce, being, under our Statutes, final and not subject to appeal.

Whether the chancellor erred in granting the appellee any alimony, or in the amount stated, depends on whether he correctly granted the appellee the divorce he did and on the financial condition of the appellant. Although, under our Statutes, we may not reverse a judgment granting a divorce, we may inquire into the question whether the court erred in granting the divorce or not for the purpose of determining the correctness of the court's judgment as to alimony and the custody of children.

The proof amply sustained the charges made by the appellee in her petition. The appellant was shown to be addicted to drink, to have struck, cursed, and abused his wife, to have neglected to provide for her and their child, to have paid devoted attention to another woman, or rather girl, for she was under 16 years of age, and to have been callous to all the responsibilities and duties of a husband and father, and all this for such period of time as warranted the granting of the divorce under the statute. So far as the charges made by the appellant against the appellee are concerned, they were very feebly supported by his proof. Some of his close kin testify that appellee herself was addicted to drink and that she received male visitors into her home while appellant was away. The appellee's proof flatly contradicted appellant's evidence as to her being addicted to drink. While she admitted that male visitors came to the house where she and the appellant lived during the latter's absence, she testified that they came to see appellant himself. It is admitted that, with one exception, these visits occurred in the daytime, that the house where appellee lived was close by that of appellant's parents and could be clearly observed by those living in the latter dwelling; and that there was no concealment about the visits. While not expressly establishing the point, the proof raises a strong suspicion of bootlegging operations of appellant rather than lewd and lascivious conduct on the part of the appellee. At all events, the chancellor found that the charges of lewd and lascivious conduct had not been made out, and as we cannot say that he erred in such finding, under familiar principles, that finding will be adhered to by us.

It results, therefore, that the chancellor correctly awarded the appellee alimony. As to the amount, the proof shows that just prior to the filing of this suit, appellant felt himself financially able to agree to pay $25

a month and he by a separation agreement undertook to pay that amount. Neither side, however, is asking the enforcement of that agreement. Appellant receives a pension from the United States government for disabilities incurred during the World War of $40 per month. In addition, the proof shows that if appellant will work, he can easily earn at least as much as $100 a month. In the light of this proof, it needs no argument to establish that the modest allowance of $20 a month awarded by the chancellor was amply justified.

As to the custody of the child, what we have said of the proof establishes the unfitness of the appellant to have that custody. As a matter of fact, the child is with its paternal grandparents, having been placed with them by the appellant, who secured its custody from the appellee by means of a trick. Admittedly the grandparents are very fine and honorable people, but as between them and the mother, the right of the mother to have the care and custody of this child should prevail, unless the record shows the mother to be an unfit person with whom to intrust it, or the best interests of the child dictate some other disposition of its custody. See Cummins v. Bird, 230 Ky. 296, 19 S. W. (2d) 959. That the appellee was not unfit the chancellor found as a matter of fact, and, as we have seen above, we accept that finding. While it is true that the evidence discloses that the grandparents can probably give this child greater creature comforts, yet it also discloses that the mother is able to furnish it an adequate home and to give it a mother's loving care and attention. In the Bird case, the father was not in a position to be with his child much of the time and he necessarily would have had to leave its care to others. But here the mother can give to this child constant care and oversight. The chancellor always has the right to inquire from time to time into this matter of custody and to make such rulings as the exigencies of the situation demand. We cannot say that the proof shows that the best interests of this child will, at least for the time being, be better subserved by taking its custody from the mother and giving it to the grandparents. Hence we are of opinion that on this branch of the case the judgment of the chancellor should also be affirmed.

Wherefore the judgment in so far as it is appealed from is affirmed.