## Jones v. Jones.

(Decided May 19, 1931.)

154

E. N. INGRAM and JOHN H. CHANDLER for appellant.

BLACK & OWENS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming on appeal and reversing on cross-appeal.

Mayme Jones was granted a divorce from her husband, Elmer Jones, and allowed alimony at the rate of $40 a month. He appeals from the allowance of alimony, while she prosecutes a cross-appeal from so much of the judgment as allowed her attorneys a fee of only $50.

While, in view of section 950-1, Kentucky Statutes, we are without power to reverse the decree of divorce, we may review the decree to determine whether alimony was properly awarded. Campbell v. Campbell, 233 Ky. 423, 25 S. W. (2d) 1013.

The ground on which the divorce was sought was cruel and inhuman treatment. By amendment there was added the further ground of an unfounded charge of lewdness. The record is voluminous, and it would serve no good purpose to detail the evidence at length. It discloses that, although appellant worked faithfully at his occupation, and provided a good home, he had a high temper which he did not attempt to control, but let have full sway. During these outbursts he would not only curse and abuse appellee, but would occasionally resort to personal violence. Sometimes he was so obstreperous that he was heard by the neighbors, and they would find appellee in a very nervous and depressed condition. Not only was appellant's conduct such as to constitute cruel and inhuman treatment, but the situation was further aggravated by the charge of lewdness contained in the answer and counterclaim which the evidence and surrounding circumstances show to have been wholly unfounded, and to have been made in bad faith. In the circumstances there is no basis for the contention that the divorce was improperly granted. Riley v. Riley, 233 Ky. 134, 25 S. W. (2d) 59.

Being entitled to a divorce, appellee is entitled to alimony. Day v. Day, 168 Ky. 68, 181 S. W. 937; Hammons v. Hammons, 209 Ky. 585, 273 S. W. 438. Not only has appellant property worth in the neighborhood of $4,000, but he earns about $100 a month. Notwithstanding the fact that appellee is living with her parents, we do not regard an allowance of $40 a month for an indefinite period as excessive. No gross sum being fixed, the chancellor has the power on proper application to modify or discontinue the monthly allowance to meet the changed conditions of the parties. Sebastian v. Rose, 135 Ky. 197, 122 S. W. 120; Kelley v. Kelley, 209 Ky. 223, 272 S. W. 757.

On the cross-appeal it is insisted that the $50 fee allowed appellee's attorneys was too small. The contention is sound. Considering the character, extent, and result of their services, and the amount of appellant's property and income, we conclude that for their services below and in this court appellee's attorneys are entitled to an additional allowance of $150.

On the original appeal the judgment is affirmed. On the cross-appeal the judgment is reversed, with directions to enter judgment in conformity with this opinion.