## Glenn v. Glenn.

(Decided March 6, 1934.)

(As Modified on Denial of Rehearing Oct. 10, 1934.)

WM. A. EARL for appellant.

CHAS. G. FRANKLIN for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

This is an action for a divorce. For more than forty years the parties to this action, as husband and wife, lived happy, pleasant, and successful lives, acquiring by their joint efforts an estate consisting of a boarding house of the value of $5,500, the title of which is in the wife, and more than $10,000, personal property, consisting of money in bank and choses in action, the title to which is in the husband.

There were born to them seven children, two of whom are living—one a young, distinguished, successful, practicing lawyer; the other an accomplished daughter, of business attainments and qualifications.

The husband brought this action for a divorce a vinculo matrimonii, on the ground of abandonment. The wife sought a divorce a mensa et thoro.

On the evidence heard, the circuit court granted the husband the relief sought, dismissed the counterclaim of the wife, and denied alimony.

We have carefully read and re-read the evidence with diligence and earnestness. It is of no benefit, even to the parties concerned, to reproduce the substance of the testimony of the parties and their witnesses to reach a correct conclusion on, and make a proper disposition of, the issues; nor is it required of us to reproduce the essence of the evidence other than to say it is our conclusion it falls far short of establishing abandonment of the husband by the wife for one year's duration within the meaning of this term as it is used in our law of divorce. Hence it is our opinion the trial court erred in decreeing the husband a divorce on the ground of abandonment as it is attempted to be established by the evidence.

Section 950-1, Kentucky Statutes, deprives us of the jurisdiction to reverse the judgment granting the husband a divorce. Arms v. Arms, 246 Ky. 827, 56 S. W. (2d) 536; Autry v. Autry, 237 Ky. 608, 36 S. W. (2d) 15; Jones v. Jones, 239 Ky. 153, 39 S. W. (2d) 262; Farnau v. Farnau, 241 Ky. 530, 44 S. W. (2d) 531. Our jurisdiction is confined to a review of the pleadings and the evidence to determine whether they support the judgment denying the wife alimony. Aud v. McAvoy, 177 Ky. 380, 197 S. W. 824. See cases above cited.

It is a rule fixed by statute, if the wife has not sufficient estate of her own, on being granted a divorce, or where the husband fails to establish by sufficient evidence a statutory ground entitling him to an absolute divorce, she should be allowed out of his estate such a sum as shall be deemed equitable. In adjusting her right to alimony, it is proper to consider her age, health, and estate, its income and market value, as well as those of the husband. Her capacity and that of the husband to support themselves and his capacity to pay as well as the value of his accumulated property and the income therefrom are to be considered when fixing the wife's alimony. Lyon v. Lyon, 243 Ky. 236, 47 S. W. (2d) 1072, and cases cited. Valuing the respective estates owned by the husband and wife and considering their age, health, and capacity to labor, together with the high station and the honors of their lives in the circumstances, we are imperatively driven to the conclusion that an allowance of $100 per month alimony should be allowed to the wife, commencing with the date of the judgment appealed from, subject to the further orders of the court.

The amount allowed being payable in installments, the power of the circuit court is continuous for the purpose at any time of making such alteration thereof, that is, increasing or decreasing it, or discontinuing it entirely, as shall appear reasonable and proper to that court in the exercise of a judicial discretion. Franck v. Franck, 107 Ky. 362, 54 S. W. 195, 21 Ky. Law Rep. 1093; Bristow v. Bristow, 51 S. W. 819, 21 Ky. Law Rep. 481; Staton v. Staton, 164 Ky. 688, 176 S. W. 21, L. R. A. 1915F, 820; Sebastian v. Rose, 135 Ky. 197, 122 S. W. 120; La Warre v. La Warre, 208 Ky. 566, 271 S. W. 660; Renick v. Renick, 247 Ky. 628, 57 S. W. (2d) 663. This being the prevailing rule, Mr. Glenn may, at any

time, on notice to her, on an application to that court, produce evidence entitling him to any alteration or the discontinuance of the allowance as shall appear to the court in the exercise of a judicial discretion to be reasonable and proper. Hawkins v. Hawkins, 254 Ky. 285, 71 S. W. (2d) 624.

To this end the judgment is reversed for proceedings consistent with this opinion.