## Glenn v. Glenn.

(Decided Nov. 24, 1936.)

WILLIAM A. EARL for appellant.

CHARLES G. FRANKLIN for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

On a former appeal of this case it was held in an opinion reported in 255 Ky. 422, 74 S. W. (2d) 472, that the court erred in refusing to allow appellant, the divorced wife, alimony and that taking into consideration the value of the respective estates owned by the husband and wife, their ages, health, and capacity to labor, etc., the wife should be allowed $100 per month alimony commencing with the date of the judgment appealed from, subject to further orders of the court.

On return of the case and the filing of the mandate in the lower court the former judgment with respect to the question of alimony was set aside and judgment entered in accordance with the mandate of this court. After $2,800 had been paid under the judgment, motion was made by the divorced husband to set aside and vacate so much of the judgment as directed the payment of $100 per month alimony; the basis of the motion being that at the time the judgment was entered plaintiff, who is appellee here, was drawing a salary of $300 per month from an official position, but since that time he had been defeated for re-election and would retire on December 3, 1935, and be without any position or any hope of procuring one; that since the entry of the judgment he had paid to the divorced wife the sum above indicated and had paid out for living expenses and other indebtedness sums in excess of $10,000; that his estate at the time consisted of a vacant lot in Louisville worth about $400 and approximately the sum of $4,500 in cash and postal savings.

After hearing the evidence on the motion, the court granted the relief sought and the divorced wife is again appealing.

Appellee was the only witness to testify on the hearing on the motion and his evidence concerning the extent and nature of his estate and his capacity to earn money stands uncontradicted. In addition to the estate referred to in his motion, it is shown that under the will of a brother he had been devised some mining houses

worth not to exceed $750, but that the will was in contest.

At the time of the hearing which was held in September, 1935, it appeared that appellee would retire from office in December of that year and that he had no other position or business and therefore no source of income except the meager amount he would receive on his postal savings deposit and time certificate; that he was afflicted with chronic appendicitis, unable to perform manual labor, and is seventy years of age.

As appears from the former opinion in this case, appellant owned and has received in cash more than half the value of the joint estates of the parties at the time the original judgment was entered. In view of the uncontradicted evidence of the changed conditions; the chancellor was fully authorized to enter judgment discontinuing the monthly payment of $100. But, as pointed out in the opinion on former appeal, the judgment appealed from is not final, but may upon motion and notice be modified, if it should be made to appear in the exercise of judicial discretion that because of changed conditions a modification is authorized.

Judgment affirmed.