# Jones v. Jones.

Nov. 22, 1940.

Watt M. Prichard, Judge.

512

Mont Walker for appellant.

A. W. Mann for appellee.

Opinion of the Court by Judge Tilford—Affirming.

On June 12, 1937, the appellee was granted an absolute divorce from the appellant, and given the custody of their two daughters. The judgment awarded her $45 per month for their maintenance but was silent as to alimony.

On January 27, 1938, the appellant moved the Court to re-docket the action, to reduce the maintenance for the children, and to award him the custody of Octavia Viola, the youngest. In his affidavit supporting the motion, appellant alleged that the eldest, Mary Elizabeth, had married since the judgment was entered, and that appellee was neglecting Octavia Viola's education and not rearing her properly. Countering this move, the appellee, on February 5, 1938, moved to dismiss appellant's motion because he was in arrears in his payments, and "because the judgment as prepared and entered herein, over protest of plaintiff's counsel, does not represent the findings of the Court and is not in accordance with law, in that said judgment does not in definite terms provide alimony for the plaintiff, to which she was entitled, she being granted the divorce herein upon her petition and prayer for divorce and alimony".

The Court, on February 7, 1938, sustained appellant's motion to re-docket, the order reciting: "It is therefore ordered by the Court that this case be and the same is now re-docketed for proceedings in accordance with defendant's motion." Proof by deposition was taken on behalf of both the parties, and on May 8, 1939, the Court entered a judgment granting the permanent custody of Octavia Viola to the appellee and adjudging that the appellant pay to the appellee "the sum of $35.00

per month beginning with the 1st of May, 1939, as alimony and maintenance for the plaintiff and said infant daughter until the further order of this Court''. The judgment recited that the action had been submitted to the Court on appellant's motion heretofore referred to and ''upon the responses and objections thereto and upon the claim of the plaintiff herein set up that she should have been granted alimony for herself in the original judgment herein and upon defendant's response and objection thereto''; but a careful examination of the record fails to reveal any steps taken by either party with respect to the matter under consideration other than those heretofore recited by us.

In his brief, appellee's counsel asserts that ''the Chancellor in re-docketing the case and permitting proof to be taken held as follows:

''Proof may be taken if desired upon custody of the child and its maintenance and alimony for plaintiff. When I passed upon this case in May of 1937, I allowed 'alimony and maintenance'; these words have been erased whether or not by me or someone else, and if by me alimony has not been determined and should be. Until the questions are determined anew, defendant will currently pay $40.00 per month.

''12/10/38
''W. M. Prichard, Judge.''

Appellant's counsel makes the same statement in his brief, but ''most solemnly avers that the word 'alimony' was not written or mentioned in the Court's memorandum on the back of folder in which judgment was first rendered in this case''.

We find nothing in the record before us pertaining to such an order or indorsement, and in any event it is apparent from the contents as set forth in the briefs of counsel that there was nothing in the record at the time the Court entered the judgment awarding appellee alimony which could have formed the basis for or justified the entry of a judgment nunc pro tunc. Benton v. King, 199 Ky. 307, 250 S. W. 1002. In fact the judgment did not purport to be a nunc pro tunc judgment, since it did not relate back to the date on which the divorce was granted or cover the intervening period. It follows that the Court was wholly without power to award appellee

alimony, since the original judgment rendered almost two years previously was tantamount to a denial of appellee's prayer for alimony, and the Court's jurisdiction to reconsider that denial was lost through appellee's failure to move for a reconsideration or correction during the term in which the judgment was rendered. While it is true that she was entitled to alimony on the showing made in the original divorce action, the only remedy by which she might have obtained it after the expiration of the term was an appeal to this Court or an action for a new trial upon the grounds mentioned in Section 518, Civil Code of Practice.

Appellee's counsel argues that it is a well established rule of law in this jurisdiction that the provisions relating to alimony in an original judgment in a divorce suit are subject to modification after the expiration of the term at which the judgment was rendered. But this rule presupposes the granting of alimony in the first instance and only relates to the subsequent modification of that grant where its amount is not controlled by contract between the parties, or irrevocably fixed by the very nature of the grant, such as the grant of a lump sum or a specific property. Duff v. Duff, 275 Ky. 367, 121 S. W. (2d) 933; Renick v. Renick, 247 Ky. 628, 57 S. W. (2d) 663; Jones v. Jones, 239 Ky. 153, 39 S. W. (2d) 262. The rule has no application whatsoever where the original judgment denies the wife alimony, whether that denial be in specific language or consists of a failure to award it.

But the Chancellor has undoubted power to increase the allowance for the maintenance of the unmarried daughter whose custody he granted to the mother. Section 2123, Kentucky Statutes. When the original judgment was entered, this child was eleven years of age and is now fourteen, and presumably two children could be maintained in the same home at a lesser cost per child than one. Moreover, her requirements necessarily increase as she grows older, and we are not able to say on the record before us that $35 per month is more than appellant should be required to pay for her support.

Since the whole error of the Trial Court consisted of his improper designation of the award "as alimony and maintenance for the plaintiff and said infant daughter," and since we are informed by a recent affidavit

filed in this Court by appellant in which he requests us to award him the custody of Octavia Viola, that appellee died on October 6, 1940, we are of the opinion that the judgment appealed from should not be disturbed.

As to the motion made in this Court by appellant that he be awarded the custody of the child, it is sufficient to say that this is a matter which in the first instance addresses itself solely to the discretion of the Chancellor, who, in view of the mother's death, will, upon application, doubtless award the custody of the child to the appellant unless the child's welfare would be injuriously affected thereby. For the authorities bearing upon the right of a surviving parent to the custody of his child theretofore awarded his deceased wife in divorce proceedings, see the annotation in 128 A. L. R. page 990 under the title "Right of Custody."

Judgment affirmed.