### HOWARD v. RAGSDALE et ux.

Court of Appeals of Kentucky.
May 23, 1952.

H. B. Noble, C. A. Noble, Hazard, for appellant.

W. E. Faulkner, Hazard, for appellees.

CLAY, Commissioner.

This is a habeas corpus proceeding involving the permanent custody of children. We have recently held this question is cognizable in equity, and should not be tried on an application for a writ of habeas corpus. The attention of the Bar is called to Chamblee v. Chamblee, Ky., 248 S.W.2d 422. However, the parties and the Chancellor treated this as an equitable action, and so shall we.

Appellant, the mother of the children, seeks to obtain them from the custody of appellees, who operate an institution in Perry County, Kentucky, known as "The

Open Door Children's Home." The Chancellor denied her the relief sought, and left the children with appellees.

The children, aged 9, 8 and 5 respectively, have lived with appellees at the home since September, 1947. They are normal in every respect. They were turned over to appellees by the father, who entered into a contract with respect to their care. The mother was not a party to this contract. There is some evidence in the record that in 1947 she temporarily abandoned the children. Since then she has from time to time visited them at the home.

Appellant is a deaf mute. She now lives with her sister and her sister's husband in Washington, D. C., and she desires to take the children there with her. The sister and brother-in-law are likewise deaf mutes. The three adults are all employed, and perhaps are in a position financially to provide for the children. Except for the physical handicap, the mother appears a fit and proper person to have their custody. There was substantial proof that the children are being well taken care of at the home of appellees.

 In a proceeding of this sort, which we are treating as an equitable one to determine the permanent custody of the children (although the judgment is subject to modification at any time upon a showing of changed conditions), our primary consideration is their welfare. It is true that the mother has the prior right to their custody, and under ordinary circumstances, their keeping should be entrusted to her rather than to strangers. See Galilean Children's Home, Inc., v. Ball, 308 Ky. 319, 214 S.W.2d 403. It is always a harsh thing to deprive children of a mother's love. All things being equal, she should prevail in an action of this nature.

We have, however, an unusual circumstance. Through no fault of her own, the mother and the other adults with whom the children would live are unable to hear or speak. This is the significant fact upon which the Chancellor based his decision. For almost five years the children have lived with appellees in normal surroundings. If they were returned to appellant, they would be placed in a completely strange new environment. The great difficulty of living and communicating with the three adults might very well have serious psychological repercussions. The problem of properly administering to their needs would be a very serious one indeed. These factors outweigh the wholesome influence of the natural parent.

In our opinion the Chancellor correctly determined that awarding the custody to the mother, under the circumstances shown in the record, would not be conducive to their proper rearing or their welfare. We believe that leaving them where they are is the best solution to a problem for which there is no perfect answer.

The judgment is affirmed.