**Harve T. MERRIMAN et al., Appellants,**

v.

**Ethel Merriman SELVEY, Appellee.**

Court of Appeals of Kentucky.

Dec. 14, 1956.

Lasserre Bradley, Lexington, for appellants.

Julian Knippenberg, James S. Carroll, Lexington, for appellee.

CLAY, Commissioner:

This is a proceeding by a mother to obtain the custody of a six year old daughter who has lived with the child's paternal grandparents since her birth. The action was filed as a "Petition for Writ of Habeas Corpus", which is not the proper procedure in seeking the permanent custody of a child. Chamblee v. Chamblee, Ky., 248 S.W.2d 422; Howard v. Ragsdale, Ky., 249 S.W.2d 154. However, we will treat the proceeding as an equitable one, and the order directing the child to be delivered to its mother as a mandatory injunction.

The plaintiff's husband, who was the son of the defendants, died in 1949. At that time the plaintiff was pregnant and she went to live with defendants. A short time after the baby's birth the mother moved to another home. When the child was six to nine months old she was sent by plaintiff to live with defendants and she has remained there ever since.

The plaintiff now lives in Seattle, Washington, and wishes to take the child home with her.

It is the position of defendants that the mother has not shown the proper parental interest in her daughter during her early years; that the grandparents have given her a good home, and are devoted to the child; and that it would not be to the best interests of the child to now remove her from her present environment.

■ There is no contention that the mother is an unfit person or that she is unable to care for the child. As defendants frankly admit, . the question before the Chancellor was what would be most beneficial for the child.

■ It is a settled and sensible principle that the best interests of an infant girl of tender years are served by placing the child with her mother if the latter is not an unfit person and is able to care for her. Hoffman v. Hoffman, 190 Ky. 13, 226 S.W. 119; Fugate v. Fugate, 291 Ky. 266, 163 S.W.2d 451; Poland v. Poland, 312 Ky. 45, 226 S.W.2d 314.

It is true that under unusual circumstances it may be proper to leave the child with its grandparents rather than its parent. Cummins v. Bird, 230 Ky. 296, 19 S.W.2d 959; Lowery v. Fayette County Children's Bureau, 306 Ky. 817, 209 S.W. 2d 487; Ward v. Story, Ky., 258 S.W.2d 515; Mosley v. Mosley, Ky., 272 S.W.2d 336.

■ In the present case we do not find any unusual circumstances which demonstrate that the child's best interests would be served by remaining with the grandparents. We are cognizant of their extreme devotion to this child and the loving care they have given her for several years. However, in the natural order of things, a child of tender years belongs with its mother, and it would not be proper to sever that relationship even though the relationship has not been a close one in the past. It is the future of the child that demands our careful consideration. See Brown v. Fudge, 312 Ky. 494, 228 S.W.2d 34.

The Chancellor, hearing the witnesses, found that the best interests of the child would be served if she was returned to her mother. We concur in such finding, and are hopeful that this proceeding will have in no way adversely affected the mutual respect and affection that should exist between the principals involved.

The judgment is affirmed.