**Mildred Lewis McCORMICK, Appellant,**

**v.**

**Eva LEWIS, Appellee.**

Court of Appeals of Kentucky.

Oct. 16, 1959.

**416**

John J. Tribell, William S. Tribell, Middlesboro, for appellant.

Clore & Swinford, Pineville, for appellee.

EBLEN, Judge.

This is a child custody case in which the two claimants are the mother, appellant, and the grandmother, appellee. Appellant was married to Fred Lewis and to this union two sons, Robert and Freddy, were born. Freddy is involved in this proceeding, and is four years of age and a victim of polio which necessitates special treatment. In 1955 this marriage was dissolved by a divorce decree which made no provision for custody of the two boys. The father is now serving time at La Grange. From the latter part of 1956 to the time of this hearing Freddy was kept by the appellee, who gave him medical and hospital care. On February 27, 1959, the Bell County Court appointed the appellee guardian of Freddy's estate and person.

The appellant married again in 1959, now lives in Norwood, Ohio, and her son, Robert, lives with her. The lower court thought that the welfare of the child would be served best by leaving him in the care and custody of the appellee and entered a judgment to this effect. This appeal followed.

The appellant contends that, while this Court has established the best interests of the child as the ultimate goal to be achieved, prior adjudications have determined that this requires custody to the mother as against a grandparent unless the mother is unfit for the responsibility. Merriman v. Selvey, Ky., 296 S.W.2d 716; Brown v. Fudge, 312 Ky. 494, 228 S.W.2d 34; Brodbeck v. Grant, 306 Ky. 381, 208 S.W.2d 56; Bard v. Bard, 295 Ky. 254, 173 S.W.2d 569; Altemeier v. Rachford, 291 Ky. 845, 165 S.W.2d 848; Wacker v. Wacker, 279 Ky. 19, 129 S.W.2d 1043, and Campbell v. Campbell, 233 Ky. 423, 25 S.W.2d 1013, are relied upon as compelling a reversal of the judgment of the lower court. In all these cases the mother prevailed over grandparents and other more distant relatives.

Needless to say, there are some cases in which a grandparent was favored as against a parent in determining custody of a minor child, Mosley v. Mosley, Ky., 272 S.W.2d 336; Middleton v. Middleton, Ky., 261 S.W.2d 640, and Cummins v. Bird, 230 Ky. 296, 19 S.W.2d 959, and as is said in the Middleton case [261 S.W.2d 641], "It is patent that in cases of this character each must be controlled by its own peculiar facts and circumstances."

The appellee is sixty-six years of age and has been treated for high blood pressure. Her ability to finance, in the future, the medical and hospital care for this child was questioned by the appellant. The lower court found that she had not only provided this for two years, but, also, food, clothing and shelter, and that the appellant, though able to do so, had made no contribution to the support of Freddy.

The appellant testified that she and her husband were working and had total earnings of about $161 per week, but that if awarded the custody of her young son she would terminate her employment. This would reduce their gross income to $110 per week. No explanation was offered for appellant's failure to make some contribution to the support of this child during the time she was able to do so. It had been nearly two years since appellant had seen Freddy but she claimed that on the many occasions she tried to see him the appellee prevented her from so doing. The lower court made a finding that the appellant abandoned Freddy in August, 1956. The appellant claims that Freddy was left with the appellee with the understanding that he was to be returned to the appellant as soon as she was able to provide for him.

■ The general principle that is to govern in these cases is the future well-being of the child. It is exceedingly difficult of application, and, in many cases, the parties generate much more heat and bitterness than light. In taking or keeping a child from a natural parent, or in separating the children of a family, courts should and do act only after the calmest and most enlightened deliberation they can bring to bear. We have the benefit of the Chancellor's determination and that should only be set aside when it is evident that he has been mistaken in the law or its application. Newby v. Newby, Ky., 275 S.W.2d 779. He has an opportunity to observe the parties, is more familiar with the background and so is in a much better position to make an intelligent choice of what is best for the welfare of the child. Where, from a study of the record and all the circumstances presented therein, we have doubt in a custody case the only satisfactory course is to follow the Chancellor.

■ Appellant is the mother. She has the older son. The appellee is advanced in years. Were this all, the case for appel-

lant would have more appeal. There are other circumstances to consider. Freddy was voluntarily given to appellee by appellant. For about two years the appellee has discharged the trust without any financial assistance from appellant. Also, appellant made no offer to reimburse the appellee for what she had expended in caring for this child. From an evaluation of all the pertinent factors we are not convinced, beyond doubt, that the lower court was in error in awarding custody to the appellee. We do point out, however, as said in the Middleton case, that this judgment does not fix custody for all time.

The judgment is affirmed.