Harvey GANN, Appellant,

v.

Agnes GANN, Appellee.

Court of Appeals of Kentucky.

June 23, 1961.

V. R. Logan, Brownsville, for appellant.

B. M. Vincent, Brownsville, for appellee.

STANLEY, Commissioner.

The appellant, Harvey Gann, seeks a reversal of a judgment awarding his divorced wife $30 a month alimony and of an order overruling his motion made under CR 60.02, subsections (5) and (6), to be relieved of further payments because the obligation is "no longer equitable."

The original judgment was rendered April 4, 1959, and the supplemental order on March 18, 1960. The appellant's argument is that it was error to grant the divorce, hence error to allow his wife alimony, and that that part of the judgment is appealable. His further contention is that because of a change in the conditions, the court should have relieved him of paying future alimony.

The appeal from the original judgment must be disregarded, for it was not taken until more than a year had elapsed. CR 73.02. But we deem it proper to consider the record as it may bear upon the supplemental order from which a timely appeal has been perfected. We have jurisdiction, although the money immediately involved is small. Stone v. Stone, Ky., 275 S.W.2d 910.

The suit for divorce and alimony was instituted by the wife, Agnes Gann, upon the ground of mental cruelty for six months. KRS 403.020(3) (b). The parties were married on April 5, 1958, and went from Brownsville to Bowling Green to live. The material facts were not in dispute. The parties were in their thirties and neither had been married before. About six weeks after the marriage, Gann told his bride he did not love her any more and was dissatisfied with married life, and that there was no use trying to get along. During even that brief period the husband neglected his wife and did little to support her. They separated three months after the marriage. He had bought the wedding ring and furniture on credit. She consented to returning the furniture to the merchant and at his request gave up her wedding ring, and he returned it to Sears Roebuck, where he had bought it. The husband at the time was, and still is, an automobile mechanic of some sort, working in Bowling Green. He has only a second grade education, and when he works earns about $60 a week. She has a college degree and a school teacher's certificate.

If it should be agreed that the grounds of divorce relied upon were not proved because the cruelty claimed had not continued for six months, the judgment was final and could neither be vacated nor ignored. The record is silent as to whether the provision for the payment of alimony was complied with.

The court heard evidence on the appellant's motion to be relieved of the judgment of alimony. His grounds were that his wife was regularly employed as a school teacher and earning about $60 a week; that his health is not good, and he is not able to work regularly, and when he does he earns about $60 a week. It is necessary

that the ex-wife should own and drive an automobile to and from her school, which is some distance in the country from Brownsville, where she now lives.

■ The statutes provide that on divorce the wife may have such allowance from her husband "as the court considers equitable." KRS 403.060(1). There is no statutory provision for subsequently modifying an allowance of alimony, but the power of the court in respect thereto is continuous unless the allowance is in gross or is based on an agreement and no express reservation was retained. The power may be exercised as a matter of judicial discretion to meet a material or substantial change in conditions of the parties. Glenn v. Glenn, 255 Ky. 422, 74 S.W.2d 472; Burke v. Burke, Ky., 248 S.W.2d 716.

■ Theoretically, alimony or maintenance is based in part on a consideration of the needs of the parties as well as their respective abilities to meet them. The original allowance in this case was just. It is obvious that the wife could not live on $30 a month, and the granting of that amount of alimony, logically, recognized that when he enters into the marriage relation a man assumes a moral and a legal obligation to support his wife. He may not regard marriage so lightly that he may, at his own will, cast her off or cause the breaking of the ties and relieve himself of the responsibility. In the present case the only change in the conditions since the original judgment was entered is that the former wife now has some earnings from employment. This is an important consideration, but it does not automatically require a reduction in or cancellation of payments. The circumstances may be such, as it seems here, that it will be just to permit her to receive alimony in addition to her earnings.

■ The granting or denying of an application for modification of a decree for alimony or maintenance on the ground of a change in the financial circumstances or needs of the parties rests in the sound dis-

cretion of the trial court. Somerville v. Somerville, Ky., 339 S.W.2d 940. We cannot say that the discretion was abused in this case.

The judgment is affirmed.