**Terry RICKS and Pauline Ricks,
Appellants,**

**v.**

**Ernest E. LAWRENCE, Appellee.**

Court of Appeals of Kentucky.

Oct. 31, 1969.

Edward F. Prichard, Jr., Frankfort, for appellants.

Robert Hubbard, Louisville, for appellee.

EDWARD P. HILL, Jr., Chief Justice.

Appellants, intervenors in the trial court in a divorce proceeding, appeal from a judgment awarding custody of their two grandchildren, Ernest Edward Lawrence, Jr., age 8, and Amy Lynn Lawrence, age 6, to appellee, Ernest E. Lawrence, their father.

We do not find from the record that the judgment is "clearly" or at all erroneous and therefore affirm it.

In the divorce proceeding between Carol Jean Lawrence, plaintiff, and Ernest E. Lawrence, defendant, a judgment was entered June 24, 1968, granting a divorce to defendant, and in which temporary custody of the children was given to the grandparents, the appellants herein. The question of their permanent custody was specifically reserved. Appellants are the parents of Carol Jean Lawrence. After a hearing on the motion of the appellants for permanent custody, the chancellor awarded the permanent custody to the father.

Since the divorce, appellee has remarried and has one child by his second wife. Carol Jean has also remarried and resided in Indianapolis, Indiana, on the date of trial of motion for permanent custody. Carol Jean, the mother of the two children, has dismissed her appeal from the judgment, leaving the controversy to rage between the grandparents on one side and the father on the other.

There can be little doubt from the evidence that the finding of the chancellor

that the mother is unfit to have the custody of the children is correct.

 As to the fitness of the father, appellants point out that there was evidence that he became a bankrupt after his divorce from Carol Jean; that while he was married to Carol Jean, a woman of the community gave birth to a child under circumstances sufficient to give rise to the conclusion that appellee herein was the father of the child; that appellee paid part of the hospital bill for the woman and later married her; that appellee was in a small, one-room apartment, although he expressed plans to rent a large house in Buechel. Granted that all of this is true and that appellants have better living quarters than does appellee, we are asked to take custody of two children, nearly ten years of age, from the only parent found by the trial court to be fit to have their custody and to award their custody to the grandparents.

This court is sympathetic to the feelings of grandparents who oftentimes suffer the embarrassment and humiliation of an erring child and naturally step in to care for their grandchildren. In no time at all, they become as attached to their grandchildren as though they were their own, and the grandchildren come to look upon and love the grandparents as they should a natural parent. For the courts to step in after such ties and attachments are formed is a serious and drastic step. On the other hand, it is also a serious and drastic act to deprive a natural parent of the custody of his own children. This may not be done except in extreme and unusual circumstances and where the welfare of the children demands it. A parent may be, and often is, temporarily unfit to have the custody of his or her child, but given time and a change of conditions, the parent may, and often does, come to his senses, make adjustments, and again qualify to have the custody of his child. Grandparents should recognize this continuing right of a natural parent.

The conclusion we reach is supported by abundant authority, including the following cases: Campbell v. Campbell, 233 Ky. 423, 25 S.W.2d 1013; Altemeier v. Rachford, 291 Ky. 845, 165 S.W.2d 848; and Wells v. Wells, Ky., 412 S.W.2d 568 (1967).

The judgment is affirmed.

All concur.