Venus R. MURPHY, Appellant,

v.

Joe H. MURPHY, Jr. and Mary Murphy,
Appellees.

Court of Appeals of Kentucky.

Nov. 13, 1970.

As Modified on Denial of Rehearing
April 2, 1971.

Cabell D. Francis, Stanford, Gardner L. Turner, Lexington, for appellant.

James F. Clay, Sr., Clay & Clay, Danville, Phillips & Moore, Harrodsburg, for appellees.

EDWARD P. HILL, Jr., Chief Justice.

Around the year 1957, the appellant, Venus R. Murphy, left appellee Joe H. Murphy, Jr., and went to Mexico taking with her the two children of their marriage. The children are now over 18 years of age.

Appellee Joe H. Murphy, Jr., obtained, on constructive service, a divorce judgment against appellant during November 1958. The divorce judgment recited that the wife, the appellant herein, "had sufficient estate of her own" and awarded custody of the two children to the appellee, the father. Appellant never entered her appearance in the divorce proceeding. She and her children resided in California at the time of the entry of the judgment.

Considering herself not bound by the divorce judgment, appellant instituted the present proceeding for reimbursement of money spent by her to support the children and for alimony. The chancellor dismissed her complaint on the theory that it constituted a collateral attack on the divorce judgment. This court finds this to be error, and we reverse the judgment dismissing the complaint. Cooper v. Cooper, 314 Ky. 413, 234 S.W.2d 658.

As a general rule, a divorce decree brings an end to litigation, and an allowance of alimony cannot be had after a decree of divorce has been granted, particularly where the court had jurisdiction to award alimony but failed to do so. Especially is this true where alimony was an issue on the divorce suit and was omitted from the decree without fraud or mistake. Reynierson v. Reynierson, Ky., 303 S.W.2d 252. However, in view of KRS 454.165, which precludes a personal judgment against a defendant who has been constructively served with process and who does not appear in the action, it would appear that the appellant herein is not barred from maintaining an action for the recovery of money spent for support of the children.

For the foregoing reasons, the judgment is reversed.

MILLIKEN, NEIKIRK, OSBORNE, PALMORE and STEINFELD, JJ., concur.

REED, J., not sitting.