**Kenneth HODGES, Appellant,**

v.

**Golda HODGES, Appellee.**

Court of Appeals of Kentucky.

March 17, 1972.

---

1. The Special Fund appealed but we dismissed. Campbell filed a cross-appeal.

**714**

Walter A. Baker, Glasgow, for appellant.

Douglas Carter, Tompkinsville, for appellee.

STEINFELD, Chief Justice.

Appellee Golda Hodges sued for an absolute divorce from appellant Kenneth Hodges. She demanded alimony, custody of their children and support for them pendente lite. Kenneth was ordered to pay to his wife "* * * $25 a week for child support and maintenance . . ." for their daughter Judy, age 13, and their son Gregory, age 12. He defaulted and was held in contempt "* * * for failure to make the child-support payments * * *." During proof-taking it was noted that the parties had agreed to a division of their household furniture and furnishings. Evidence was introduced with respect to debts, Kenneth's earnings, the children and the cause of divorce. Alimony was not mentioned and Golda showed nothing concerning the sufficiency of her estate, if any. Such evidence is required to enable the chancellor to determine if alimony should be awarded and the amount thereof. KRS 403.060; Alexander v. Alexander, Ky., 317 S.W.2d 494 (1958).

The judgment entered August 29, 1970 granted Golda a divorce, gave her custody of Judy, reserved the question of custody of Gregory, and ordered Kenneth to pay Golda "* * * the sum of $25 per week as child support and maintenance * * *." Alimony was not mentioned in the judgment or by any order prior thereto.

Approximately two weeks after entry of the judgment, Kenneth again was held in contempt "* * * for failure to make his child support payments as heretofore ordered by the court * * *." Nine months thereafter he was ordered to jail because he was "* * * in arrears in his child support payments * * *."

On October 15, 1971, almost fourteen months after the divorce was granted, the trial court entered an order reading as follows:

"An order having heretofore been entered by this court requiring the defendant, Kenneth Hodges, to pay unto the plaintiff, Golda Hodges, the sum of $54.00 on the 1st and 15th of each month as alimony, support, and maintenance for herself and her children. At a hearing held on October 2, 1971, the court having heard testimony from the plaintiff and defendant, and Judy Hodges, the child of the parties, and it appearing that Judy Hodges is now living with the defendant, Kenneth Hodges, it is now therefore, ordered that the defendant, pay unto the plaintiff as alimony, support, and maintenance the sum of $13.50 per week to be payable on the 1st and 15th day of each month to be effective from October 1, 1971, said payment of $27.00 to be due and payable on October 15, 1971, and

each and every 2 weeks thereafter until further orders of this court."

Kenneth appeals. He points out that the court noted the daughter was no longer in the custody of the mother and the evidence showed that the son had remained with his father. Kenneth therefore argues that the money awarded to Golda by that order was purely alimony and that it was impermissible for the court to award alimony after the judgment was final.

In Jones v. Jones, 284 Ky. 511, 145 S. W.2d 90 (1940), a circuit court, in June 1937, granted the wife a divorce, custody of two children and child-support money but no alimony. Some twenty-three months later, the court awarded the wife a monthly alimony allowance. We found that she had made a showing in the action sufficient to entitle her to alimony. Nevertheless, we wrote:

"It follows that the Court was wholly without power to award appellee alimony, since the original judgment rendered almost two years previously was tantamount to a denial of appellee's prayer for alimony, and the Court's jurisdiction to reconsider that denial was lost through appellee's failure to move for a reconsideration or correction during the term in which the judgment was rendered."

The rule governing this situation is stated thusly:

"As a general rule, subject to statutory and other exceptions, * * *, where a decree of absolute divorce has been entered and become final and absolute, and such decree does not award alimony to the wife, the wife may not be awarded alimony at any subsequent time, nor can the decree be modified or amended so as to provide therefor." 27A C.J.S. Divorce § 231, p. 1019.

The situation here is unlike that in Gann v. Gann, Ky., 347 S.W.2d 540 (1961), in which we approved an adjustment of alimony previously awarded and in Lyon v. Lyon, 243 Ky. 236, 47 S.W.2d 1072 (1932), in which the question of alimony was reserved in the original judgment. In Thomas v. Thomas, Ky., 379 S.W.2d 743 (1964), the wife was before the court by constructive service. Neither the subject of alimony nor property rights was involved except that the judgment ordered the restoration required by KRS 403.065. In Cooper v. Cooper, 314 Ky. 413, 234 S. W.2d 658 (1950), a Florida divorce suit and a Kentucky alimony action were being litigated simultaneously.

Appellee relies principally on Reynierson v. Reynierson, Ky., 303 S.W.2d 252 (1957), in which this court approved the allowance of alimony after a final divorce judgment. There we said:

"As a general rule a divorce decree brings an end to litigation and an allowance of alimony cannot be had after a decree of divorce has been granted, particularly where the court had jurisdiction to award alimony, but failed to do so. Especially is this true where alimony was in issue on the hearing in the divorce suit and was omitted from the decree without fraud or mistake."

In Reynierson no alimony was demanded in the original proceeding but after judgment was entered granting the divorce, the wife filed a new suit in which she alleged a contract had been made to pay alimony. From a judgment awarding her alimony the husband appealed. We said " * * * that in this unusual circumstance the wife was permitted to maintain a subsequent action." It would unduly lengthen this opinion to relate those circumstances. In Murphy v. Murphy, Ky., 464 S.W.2d 231 (1971), we reaffirmed the rule stated in Reynierson.

In the case now before us there was no proof of any unusual circumstance and no motion or petition for the allowance of alimony filed after the judgment. The matter was brought before the court on a motion made by Mrs. Hodges on September 29, 1971, that " * * * the court

* * * require the defendant to deliver the infant child of the parties * * *, Judy Hodges, to the home and possession of the plaintiff." The order of October 15, 1971, did not require Judy's return to her mother but noted that she was then living with her father. Therefore, it must be assumed that the chancellor did not disapprove that arrangement. Since the children were not with the mother we construe the October 15, 1971, order as one only for alimony and, in the absence of unusual circumstances justifying such an award, the order was erroneous. Jones v. Jones, supra; Reynierson v. Reynierson, supra. Under the circumstances the matter of alimony was res adjudicata.

The judgment is reversed.

All concur.